## SHAW v. AMERICAN TOBACCO CO.

(Circuit Court of Appeals, Fifth Circuit. May 7, 1901.)

No. 1,030.

1. PATENTS—SUITS FOR INFRINGEMENT—JURISDICTION AND VENUE.
   Under Act March 3, 1897 (29 Stat. 695), defining the jurisdiction of the circuit courts in cases for infringement of patents, such a suit can be maintained only in the district of which the defendant is an inhabitant, or in a district in which the defendant has committed acts of infringement, and has a regular and established place of business.

2. PLEADING—AMENDMENT—TIME OF APPLICATION.
   A motion for leave to amend a petition comes too late, where not made until several days after a demurrer has been sustained thereto for want of allegations showing jurisdiction, and a judgment of dismissal has been entered, and after the court has fixed the amount of the bond to be given on proceedings in error, on plaintiff's application.

In Error to the Circuit Court of the United States for the Northern District of Texas.

W. A. Kemp (T. J. Freeman, on the brief), for plaintiff in error.

Junius Parker (Thompson & Thompson and W. W. Fuller, on the brief), for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. This is an action at law for damages for the infringement of a patent. The petition discloses that Wilder S. Shaw, the plaintiff, is a citizen of Texas, and that the American Tobacco Company, the defendant, is a corporation chartered under the laws of New Jersey, and that it is doing business in the state of Texas, having its principal office and agent in Dallas county. It is alleged that on January 18, 1898, the plaintiff obtained letters patent for a new and useful snuff package, the letters patent being numbered 597,623. The purposes of the patent are fully stated in the petition. It is alleged that the defendant corporation entered into negotiations with the plaintiff for the purchase of the patent, and in that way obtained a full description of the patented package, and, instead of offering to purchase the patent, the defendant "went immediately to work to put its goods on the market in plaintiff's said package, and from September, 1898, until the filing of this petition, has continuously used same, over plaintiff's protest, and in defiance of his rights under said letters patent, to plaintiff's actual damage in the sum of fifteen thousand dollars." The petition contains, also, special alle-

gations showing the extent of the plaintiff's damages. The citation or summons issued on the petition was served on L. Wells Baldwin, as local agent of the defendant. The defendant entered a special appearance, and moved to vacate and quash the service of the citation on the ground that Baldwin was not at the date of the service an officer or agent of the defendant. On the trial of this motion, evidence was offered by both parties bearing upon the question as to whether or not Baldwin was such an agent of the defendant that legal service could be made upon him. The view that we take of the case makes it unnecessary to consider this evidence. On July 2, 1900, this motion coming on to be heard, the court made an order sustaining the motion, and vacating and quashing the service of the citation. At this hearing the court also made the following order:

"And, it appearing that this court is without jurisdiction to hear and determine this cause, it is further ordered that this cause be dismissed for want of jurisdiction, and that the defendant go hence without day, and have and recover of the plaintiff all costs in this behalf incurred, for which let execution issue."

The record shows that the plaintiff excepted to these orders in open court, and gave "notice of appeal, and at plaintiff's request the amount of the bond is fixed by the court at $200." On July 6, 1900, the following bill of exceptions was filed:

"Be it remembered that, on the trial of the above-entitled cause, defendant demurred to plaintiff's petition on the ground that it did not allege facts sufficient to give this court jurisdiction; it nowhere appearing that plaintiff was a citizen of the state of Texas, and Northern district, nor that the alleged infringement of patent occurred in said Northern district of Texas. On hearing the argument of counsel, the court sustained said demurrer, whereupon plaintiff's counsel asked leave to file an amended petition setting up said facts, which motion to so amend was overruled by the court, to which action of the court in refusing plaintiff leave to amend plaintiff then and there excepted, and files this, his bill of exceptions, and asks that the same be allowed and made a part of the records in said cause.

"W. A. Kemp, Attorney for plaintiff."

"This bill is given with the following qualifications: Plaintiff asked leave to amend on this the 6th day of July, after the court had ruled on the motion on the 2d day of July, 1900, sustaining the same and dismissing the cause for want of jurisdiction, to which ruling of the court plaintiff excepted and gave notice of appeal in open court, and asked the court to fix the amount of the appeal bond, which by the court was fixed at $200; and the parties were preparing the bills of exception to the rulings of the court, and, during the controversy between counsel as to the contents of the bill, plaintiff asked leave to amend his petition as above.

"Edward R. Meek, Judge."

The errors assigned all relate either to the setting aside of the service of process on Baldwin, or to the dismissal of the suit. It will only be necessary to consider those relating to the dismissal of the suit; for, if the case was properly dismissed for want of jurisdiction appearing on the face of the petition, the judgment of the court setting aside the service is immaterial.

In suits for the infringement of letters patent, the circuit courts of the United States have jurisdiction in law and in equity, without regard to the citizenship of the parties to the suit. In such cases the courts have jurisdiction because of the subject-matter of the suit. The act of March 3, 1897 (29 Stat. 695), defines the jurisdiction of the

United States courts in such cases, and states the particular court in which the suit must be brought. This act is copied in the margin.[1] It provides that the suit must be brought either in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement, and have a regular and established place of business. The petition does not show that the defendant is an inhabitant of the district in which the suit was brought. On the contrary, it is alleged that the defendant is a corporation chartered under the laws of New Jersey. A corporation chartered under the laws of New Jersey is not an inhabitant of the district in Texas in which it does business. It might have agents and carry on business in every one of the many districts in the United States, and it could not be held that, because of such business, it was an inhabitant of every district in which it did business. Shaw v. Mining Co., 145 U. S. 444, 450, 12 Sup. Ct. 935, 36 L. Ed. 768; Carter, Jur. Fed. Cts. 155. To give the court below jurisdiction, the petition failing to show that the defendant is an inhabitant of the district in which it is sued, it is necessary that it should aver that the act of infringement complained of was committed in the district, and that the defendant had a regular and established place of business in the district. If it be conceded that the petition sufficiently shows that the defendant has a regular and established place of business in the district in which the suit was brought, the petition contains no averment showing where the acts of infringement were committed. It is not alleged that the acts were committed at any named place. It does not appear from the petition that the acts of infringement were committed in the district in which the suit is brought. The petition, therefore, on its face, does not show that the court below had jurisdiction. It was subject to demurrer for that defect. The record does not show that any demurrer was filed, but it appears from the bill of exceptions presented by the attorney for the plaintiff that the objection to the jurisdiction made on the trial of the motion was, without objection, considered by the parties and treated by the court as a demurrer. This defect in the petition could have been amended. If, on the hearing of the motion, or after its decision, the plaintiff had made timely offer to amend the petition by alleging that the acts of infringement complained of were committed in the district in which the suit was brought, the court should have allowed the amendment. Rev. St.

[1] An act defining the jurisdiction of the United States circuit courts in cases brought for the infringement of letters patent.

Be it enacted, etc., that in suits brought for the infringement of letters patent the circuit courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in whch the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpoena upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought. Act March 3, 1897 (29 Stat. 695).

Tex. 1895, art. 1188.   On July 2d, when the order was made dismissing the petition, no motion was submitted to the court asking leave to amend.   The plaintiff, on the contrary, indicated that he would abide by the petition as it was written, by giving notice of a proceeding to review the decision of the court.   It was not until July 6th, after the bond for reviewing the case had been fixed on the plaintiff's motion, and while the parties were preparing the bills of exceptions, that the motion to amend was made.   If it be conceded that the ruling of the court on the question of the amendment was subject to review here,—a question which need not be considered,—we think the learned judge in the trial court decided correctly in declining to allow the amendment at the time the motion to amend was made.   The dismissal did not affect the plaintiff's right to immediately bring another suit, in which he could have averred the jurisdictional facts.   The judgment of the circuit court is affirmed.