FEDER v. A. B. FIEDLER & SONS et al.

(Circuit Court, S. D. New York. June 21, 1902.)

1. PATENTS—JURISDICTION OF SUIT FOR INFRINGEMENT—NONRESIDENT DEFEND-ANT.

To sustain the jurisdiction of a circuit court in a suit for infringe-ment of a patent against a corporation which is a nonresident of the district, under the provisions of Act March 3, 1897 (29 Stat. 695), the infringement must not only have been committed within the district, but the defendant must also have, at the time the suit is commenced, a regular and established place of business within the district. The fact that defendant had such place of business when the infringement was committed is insufficient, where for any cause it was abandoned prior to the service of process on its former agent.

In Equity. Suit for infringement of patent. On plea to jurisdic-tion.

Dickerson, Brown & Raegener, for complainant.

H. D. Donnelly (Coburn, McRoberts & McElroy, of counsel), for defendants.

HAZEL, District Judge. The defendant A. B. Fiedler & Sons, an Illinois corporation, is charged with having infringed, in the Southern district of New York, complainant's patent, No. 553,707, issued Janu-ary 8, 1896, for skirt protectors. The suit was begun March 7, 1901, by the personal service of process upon the defendant Beetson. It is alleged in the bill that Beetson was the agent of A. B. Fiedler & Sons, and, as such agent, sold the infringing device in the district where the suit was instituted. The complainant asserts that this court has ju-risdiction of the defendant corporation, because it maintains a regu-lar and established place of business in the Southern district of New York, and therefore the act of March 3, 1897 (29 Stat. 695), applies, by which it is provided that the circuit courts shall have jurisdiction in suits for infringement of letters patent in the district of which the de-fendant is an inhabitant, or where the defendant has a regular and established place of business, if such infringing acts are committed at such place. The defendant corporation promptly moved the court to set aside the service on the ground that the corporation never had a regular and established place of business in New York, and never had an agent therein conducting its business. The motion was dismissed, without prejudice, however, to interposing a plea to the jurisdiction. That course was followed. Proofs have been taken upon the plea, which were submitted upon the hearing. Complainant contends that the established facts are analogous to those presented in Thomson-Houston Electric Co. v. Bullock Electric Co. (C. C.) 101 Fed. 588. In that case the defendant company, citizen of Ohio, granted the exclu-sive right to its codefendant to sell the infringing electrical machinery in New York and other states on a basis of a discount from the lowest catalogue selling price. The terms of payment were agreed upon, and the privilege was reserved to the electrical company to return unsold machinery or stock, and receive a credit therefor on the books of the manufacturing company. Such an arrangement was held by Judge Wheeler a regular and established place of business in the district

where the infringing machinery was sold, on the ground that, as the manufacturing company controlled and participated in the sales in New York, its title to the property did not pass at the point where it was consigned. I incline to the belief that the facts in this case would justify retaining jurisdiction, were it not conclusively shown that the defendant corporation ceased its business relations with the defendant Beetson, the alleged agent, prior to the service of process upon him. The uncontroverted evidence tends to show that the brush binding was consigned to Beetson at New York City, with the understanding that he should have the exclusive right to sell the same in New York. By the Beetson letter under date of April 16, 1900, it appears that a report of sales was to be made by him to A. B. Fiedler & Sons on the 1st of each month, and remittances on the 15th. Beetson testifies that all of his relations and dealings were in accordance with arrangements expressed in that letter. No charge was made against Beetson on the books of the corporation until after notification of sales by him. When inventory was taken in June, 1900, by defendant corporation, it included merchandise consigned to Beetson, who retained as commission the difference between such price and that agreed to be paid by him to A. B. Fiedler & Sons. The evidence clearly establishes that the title to the merchandise did not pass to Beetson. On January 21, 1901, instructions were sent Beetson by mail and telegraph by his codefendant to discontinue sales of brush braid, and return to the consignee all brush bindings which he had in stock belonging to it. The letter states that this is done to avoid any trouble that might arise to Beetson or to the defendant corporation. The suggested inference on argument by complainant is that the above letter was written immediately following a decision sustaining the patent in suit in another district, and that its specious purpose was to terminate the agency of Beetson, with the view of hindering complainant's right to institute a suit in the Southern district of New York. Assuming the accuracy of this surmise, and giving consideration to other proofs on this point, it nevertheless was intended to terminate the maintenance of a regular established place of business in the city of New York. That was its legal effect. The merchandise in the possession of Beetson was returned as requested on January 25, 1901,—40 days prior to service of process,—since which time none of A. B. Fiedler & Sons' goods have been in Beetson's possession, or sold or offered for sale by him. The defendant corporation, therefore, neither was an inhabitant of the district where the infringing acts were committed, nor had it in such district a regular and established place of business, at the time of service of process upon Beetson. In Bowers v. Pacific Co. (C. C.) 104 Fed. 887, it was held that the statute was enacted to restrict the jurisdiction of federal courts in patent cases. Judge Coxe in that case said: "Infringement alone will not give jurisdiction. A regular place of business alone will not give jurisdiction. Both must concur." This view also finds support in Shaw v. Tobacco Co., 48 C. C. A. 68, 108 Fed. 842, and Forrest v. Bridge Co. (decided by the circuit court of appeals for the Seventh circuit, and not yet officially reported) 116 Fed. 357. It follows that the plea must be sustained.

Decree may enter dismissing bill as to A. B. Fiedler & Sons, with costs.