THOMSON–HOUSTON ELECTRIC CO. v. ELECTROSE MFG. CO. et al.

(Circuit Court, E. D. New York. August 16, 1907.)

1. PATENTS—SUITS FOR INFRINGEMENT—EQUITY JURISDICTION.

Where a number of suits for infringement between the same parties, each based on a different patent, are related, the patents having to do with similar subject-matter, so that, if joined, all could be tried upon the same record, the court may properly retain jurisdiction in equity, even though in some of them an adequate remedy may exist at law, because of the near expiration of the patent.

2. SAME.

The fact that profits are recoverable in a suit in equity for infringement of a patent under Rev. St. § 4921 [U. S. Comp. St. 1901, p. 3395], and not in an action at law, while not in itself any basis for equitable jurisdiction, is a reason why that jurisdiction should not be relinquished when it may be upheld on other grounds.

3. APPEARANCE—DISTRICT OF SUIT—WAIVER OF OBJECTION.

The objection that a court is without jurisdiction of a suit for infringement of a patent because not brought in the district of which defendant is an inhabitant or a district in which infringement was committed, and defendant has a regular and established place of business, if apparent on the face of the pleadings, is waived by the filing of a general demurrer or any other act which constitutes a general appearance.

4. PATENTS—DEFENSE OF LACHES.

A bill for infringement of a patent which alleges acts of infringement within six years need not specifically allege that complainant has been diligent.

5. SAME—SUFFICIENCY OF BILL—MULTIFARIOUSNESS.

A bill for infringement against a corporation and an individual described as its president and general manager, which charges that defendants have and each of them has committed certain acts of infringement, sufficiently alleges a joint infringement, and is not demurrable for multifariousness.

6. COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP.

Circuit Courts of the United States being given exclusive jurisdiction of suits relating to patents by Rev. St. § 711 [U. S. Comp. St. 1901, p. 577], diversity of citizenship between the parties is not essential to such jurisdiction.

7. PATENTS—INFRINGEMENT—PLEADING—JURISDICTIONAL ALLEGATIONS.

Under Act March 3, 1897, c. 395, 29 Stat. 695 [U. S. Comp. St. 1901, p. 589], which authorizes a suit for infringement of a patent in any district "in which the defendant * * * shall have committed acts of infringement and have a regular and established place of business," it is not essential that the bill should use the words, "regular and established,"

in characterizing defendant's place of business, if it appears that it is such from the facts alleged.

**8. SAME.**

In a bill for infringement of a patent against a corporation and an individual, which charges that the corporation has a regular and established place of business within the district where its business is conducted by its codefendant as its president and general manager, and where they have committed joint acts of infringement, it is not necessary to allege affirmatively that the individual defendant is either an inhabitant of the district, or has a regular and established place of business therein.

**9. SAME—SUFFICIENCY OF BILL—ALLEGATIONS ON INFORMATION AND BELIEF.**

A bill for infringement of a patent is not demurrable because material facts are alleged on information and belief.

**10. SAME.**

A bill for infringement of a patent against two defendants *held* not demurrable as being too vague and uncertain in its allegations.

In Equity. On demurrers to bills.

T. J. Johnston, for complainant.

Dickerson, Brown, Raegener & Binney (Louis C. Raegener and S. L. Moody, of counsel), for defendants.

CHATFIELD, District Judge. The complainant herein has brought four separate actions, upon four separate patents, against the defendant company and its president and general manager, and a fifth suit against the defendant company alone, in each action alleging infringement of the patent therein referred to. The defendant has demurred separately to each action, and the five demurrers have been argued together. Most of the objections raised apply to all of the suits, and the demurrers will be considered together, where necessary; the separate grounds of demurrer to the different actions being distinguished and considered separately in this opinion.

In each of the actions the bill of complaint was filed upon the 9th day of November, 1905, and in each action the demurrer was filed upon the 5th day of February, 1906. The numbers of the patents, dates of issue, and dates of expiration, are shown by the following table:

| | No. of Patent. | Date. | Expires. |
|---|---|---|---|
| Suit No. 1 | 394,039. | Dec. 4, 1888. | Dec. 4, 1905. |
| "　　" 2 | 396,311. | Jan. 15, 1889. | Jan. 15, 1906. |
| "　　" 3 | 393,317 & 396,312. | Nov. 20, 1888. Jan. 15, 1889. | Nov. 20, 1905. Jan. 15, 1906. |
| "　　" 4 | 435,870. | Sept. 2, 1890. | Sept. 2, 1907. |
| "　　" 5 | 446,985. | Feb. 24, 1891. | Feb. 24, 1908. |

The first six grounds of demurrer apply generally to each complaint, and are similar in each action. These grounds of demurrer are to the effect that the complaint does not state a cause of action

as a whole, or as against either defendant; that the complainant is not entitled to relief against either defendant, and has no jurisdiction over either defendant, upon the allegations of the bill. These general grounds of demurrer depend upon the various other and more specific grounds, and therefore, as is admitted by the defendant, will be sustained or overruled according to the rulings upon the subsequent grounds stated, and need not be considered separately, nor except as the subsequent causes of demurrer are disposed of. We will, therefore, proceed with a consideration of the other grounds of demurrer separately.

The seventh ground of demurrer alleged in each action is addressed to the discretion of the court, and the same point is involved in the thirteenth and fourteenth causes of demurrer to each action, and can therefore be considered together. The seventh ground of demurrer is that the complainant by its own laches, delay, and acquiescence should be barred from maintaining the suit, and that the bill fails to show due diligence. The thirteenth ground of demurrer is that the complainant has a full, adequate, and complete remedy at law. The fourteenth ground of demurrer is that by reason of the date of expiration of the patent in each case, except the last two, within a few days or weeks after the beginning of the action, the complainant should not have an injunction or any equitable relief, but should be relegated to its remedies at law for damages. Each complaint alleges that, "since a time six years immediately before the filing of this bill of complaint," the defendants have infringed the particular patent referred to in the particular suit. This plainly means within the space of six years, not during all of six years.

The defendants insist that inasmuch as in four of the five cases at the present time the patent has expired, and that no injunction can issue except as to articles made prior to the expiration of the patent, and that as to three of the suits at the time of beginning the action it was impossible to obtain a preliminary injunction because of the almost immediate expiration of the patent, and because in suit No. 3, one patent, and in suit No. 1, another patent, had already expired, by the return day of the subpœna—the complainant should not be allowed equitable jurisdiction and relief. A number of cases are cited in which applications for final injunctions have been entertained or dismissed, according to the number of days which the patent had to run after the filing of the bill in equity. The principle is involved in Keyes v. Eureka Consolidated Mining Co., 158 U. S. 150, 15 Sup. Ct. 772, 39 L. Ed. 929, in which Chief Justice Fuller cites from the case of Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, 30 L. Ed. 392, as follows:

"As to the first point, the bill does not show any special ground for equitable relief, except the prayer for an injunction. To this the plaintiff was entitled, even for the short time the patent had to run, unless the court had deemed it improper to grant it. If, by the course of the court, no injunction could have been obtained in that time, the bill could very properly have been dismissed, and ought to have been."

It is apparent that the five actions to which demurrers have been interposed are related, that the patents have to do with similar sub-

ject-matter, and that, if the bills were joined, the various issues could be disposed of upon one record. In such a case it would be no abuse of equitable jurisdiction to retain such jurisdiction over all of the five causes of action, even if in some of them it should appear that an adequate remedy at law existed. In the same way in these actions, it seems that the discretion of the court could be exercised for the purpose of retaining equity jurisdiction, in order to dispose of the five actions together, rather than to send one or more to a court of law for consideration, by a jury, of the same and similar points which must be taken into account in the equitable action. Further, as has been held in Beedle v. Bennett, 122 U. S. 71, 7 Sup. Ct. 1090, 30 L. Ed. 1074, the expiration of the patent does not defeat jurisdiction, and the question of recovery for profits, which is made one of the elements of damage by section 4921 of the Revised Statutes [U. S. Comp. St. 1901, p. 3395], is to be taken into account upon a decree rendered on a bill in equity, and such a recovery can only be had in a suit in equity, and not in an action at law. Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894, 31 L. Ed. 664; Coupe v. Royer, 155 U. S. 565, 15 Sup. Ct. 199, 39 L. Ed. 263; Brown v. Lanyon, 148 Fed. 838, 78 C. C. A. 528. This is not of itself any basis for equitable jurisdiction, but is a reason why that jurisdiction, when possible on other grounds, should not be relinquished. A further reason for retaining equitable jurisdiction in these cases is that the defendants have demurred generally to the complaints, thereby admitting the jurisdiction of this court by this pleading. Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659, in which a demurrer on other grounds than that of jurisdiction, is held to be equivalent to a general appearance; and Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, in which a general appearance was held to be a waiver of objections to jurisdiction. The provisions of Act March 3, 1897, c. 395, 29 St. 695 [U. S. Comp. St. 1901, p. 589], have narrowed the scope of section 711, Rev. St. [U. S. Comp. St. 1901, p. 577], in so far as it has diminished the number of districts in which a suit might be brought. And it is settled, as held by Judge Coxe, in the case of Bowers v. Atl. G. & P. Co. (C. C.) 104 Fed. 887, that compliance with the requirements of the act of March 3, 1897, is necessary in order that jurisdiction may be had. It is evident that such a question of jurisdiction can be raised at any time; but, if the defect is apparent upon the pleadings, and is waived by a general appearance, it does not seem to the court that it can be urged thereafter.

As to the point that the complainant in its bill has failed to show due diligence, it is sufficient to say that it has brought its suit within the statutory time, and that, for the reasons above mentioned, it seems proper to retain equitable jurisdiction. Therefore the absence of a specific statement that it has been diligent is not fatal.

The eighth cause of demurrer in each case alleges the bill to be multifarious by joining together the Electrose Manufacturing Company and Louis Steinberger, in matters in which it is claimed they are not jointly interested. It is argued that Mr. Steinberger is not sued as president and general manager, and that, if he were, no relief

could be asked against him. But it appears by the bills of complaint that the company and Mr. Steinberger, who is described as its president and general manager, have, and each of them has, done the things alleged, and relief is asked against these two defendants jointly, and the complainant assumes the responsibility of proving its cause of action against both defendants. It does not seem to be a proper ground of demurrer to attempt to draw conclusions as to what the complainant actually means or intends. It is bound by its allegations, and the word "jointly" is unnecessary, so long as the complaint shows an allegation of joint infringement. The effect of this complaint is merely to put greater obligations in the way of proof upon the complainant, but the complaint should not be held defective for that reason alone.

The ninth ground of demurrer, that the citizenship of the defendant Louis Steinberger is not shown, as required by equity rule No. 20, was not urged upon the argument; it being apparent that this objection should be raised by motion and not by demurrer. Mining Co. v. Douglass (C. C.) 123 Fed. 936. In addition, the Circuit Court having jurisdiction of cases relating to patents, by section 711 of the Revised Statutes, the citizenship of the defendant does not seem to be a necessary allegation of jurisdiction, if the other jurisdictional facts are shown.

The tenth cause of demurrer is that the complaint does not show that the defendant company is an inhabitant of this district, nor that it has a regular and established place of business in the district.

Each bill of complaint alleges that the defendant company is a corporation of Illinois, "having its office and place of business in the city of Brooklyn, in said state and district, and doing business therein" (the "said district" being the Eastern District of the state of New York); and that Steinberger is the president and general manager of the defendant corporation. Each complaint alleges that within the six-year period the defendants, within the Eastern District of New York, have made, used, and sold, etc., the devices referred to, and are continuing so to do. By the provisions of 29 Stat. 695, approved March 3, 1897, jurisdiction was given to the Circuit Courts of the United States in law and in equity, in suits for infringement of letters patent, in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement, and have a regular and established place of business. It is not considered that the words "regular and established" must be used in the allegations of the complaint if these jurisdictional facts are shown by the complaint itself. The cases cited (Bowers v. Atlantic G. & P. Co. [C. C.] 104 Fed. 887; Shaw v. Amer Tobacco Co., 108 Fed. 842, 48 C. C. A. 68; Streat v. Am. Rubber Co. [C. C.] 115 Fed. 834; Feder v. A. B. Fiedler & Sons [C. C.] 116 Fed. 378) are to the effect that both of these requisite allegations of jurisdiction must be shown; that the defendant, if not an inhabitant, must have a regular and established place of business at the time of commencing the suit; and that the alleged acts of infringement must have been committed within the district where the suit is brought. The complaints in the present actions plainly show

sufficient to bring the pleadings within the requirements of the section, although the exact language is not used.

The eleventh cause of demurrer to each action is that the defendant Steinberger is not alleged affirmatively to be either an inhabitant of the Eastern District of New York, or to have a regular and established place of business in said district; but (for the reasons stated as to the tenth alleged cause of demurrer) it is apparent that Steinberger in his capacity as president and general manager is alleged to have been conducting the business of the defendant company, and that he performed the acts claimed to be infringements within the said district. The complaint is therefore sufficient, although, again, not as definite and as exact in following the language of the statute as it might have been made.

The twelfth alleged cause of demurrer in each case, that the material facts are alleged upon information and belief, was not urged upon the argument, and would seem to be an objection to any use of the pleadings as affidavits upon a motion, rather than as a ground of demurrer to the sufficiency of the complaint.

The only remaining alleged ground of demurrer is the fifteenth, in suit No. 1, which is not raised with reference to any of the remaining actions. This fifteenth alleged cause of demurrer to suit No. 1 is to the effect that the title of the bill shows that the action is against the Electrose Manufacturing Company and Louis Steinberger; that the introduction of the bill shows the residence of the company alone; that the stating part of the bill and the prayer for relief are against the company and Steinberger; and that, therefore, the bill upon its face is "altogether vague and uncertain and insufficient and improper to be answered by these defendants, or either of them." As to this alleged cause of demurrer, it is necessary only to say that the necessary allegations showing a right to bring the suit in this district with respect to the company are present; that the allegations by which the defendant Steinberger is made a party to the suit are also present; and that the bill is not so vague, insufficient, and uncertain as to cause any doubt as to what the cause of action may be which is alleged against the defendant Steinberger. Nor is his participation, so far as the allegations are concerned, left out to such an extent that no alleged cause of action is shown. Any possible criticism on this ground would have to be taken advantage of by motion, and this alleged cause of demurrer must also be overruled.

The complaints, therefore, in all respects, having been held sufficient, so far as the various alleged causes of demurrer are concerned, the demurrers will be overruled separately, with leave to the defendants to answer over.