UNDERWOOD TYPEWRITER CO. v. FOX TYPEWRITER CO., Limited, et al.

(Circuit Court, S. D. New York. December 31, 1907. Supplemental Opinion, January 10, 1908.)

1. COURTS—UNITED STATES—DISTRICT IN WHICH SUIT MUST BE BROUGHT.

A bill for infringement of a patent filed against a foreign corporation, in order to confer jurisdiction on the court, must allege both acts of infringement in the district where filed, and that the defendant has at the time of suit a regular and established place of business there.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 814.]

2. SAME.

To confer jurisdiction in such suit it is not necessary that the defendant should have had a regular and established place of business within the district at the time the alleged acts of infringement were committed therein, but it is sufficient if it had such place at the time of bringing suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 814.]

3. EQUITY—PLEADING—PLEA TO THE PERSON.

An order of court permitting a corporation not a party to enter a special appearance and plead to the jurisdiction as the successor of the defendant sued, a copartnership alleged to have ceased to exist before suit, does not authorize a plea by the defendant "by" such corporation which is inconsistent with the claim of dissolution, but the corporation must itself enter its appearance and plead, and must allege in its pleading that it is the defendant's successor.

4. PATENTS—INFRINGEMENT—SUFFICIENCY OF PLEA.

In patent cases, pleas should not be allowed unless they reduce the controversy to a single point or issue, except in very special cases, nor should the question of infringement be tried on a plea, even though it goes to the jurisdiction in the case of a suit against a nonresident, since that question can be raised on a motion to dismiss at the close of complainant's proofs.

In Equity. Argument on plea of defendant Fox Typewriter Company, Limited, by the Fox Typewriter Company, a corporation, per W. R. Fox, president, to the bill of complaint in a suit for alleged infringement of U. S. letters patent No. 436,916 to Josiah B. Gathright, and U. S. letters patent No. 452,268 to said Gathright, both assigned to the complainant.

Briesen & Knauth, for complainant.

Fred L. Chappell and David G. McConnell, for defendant Fox Typewriter Company, Limited.

RAY, District Judge. The bill of complaint sets out the patents, their validity, utility, etc., and certain adjudications as to the validity of the claims in question, and contains the usual allegations and details of such bill, including the assignment of the patents to complainant. Also, that defendants are "corporations incorporated and existing, respectively, under the laws of the state of Michigan and of the state of New York, the said Fox Typewriter Company, Limited, having a regular and established place of business and an agent in the city of New York, Southern District of New York, the said Graves Typewriter Company having its principal place of business

in the Borough of Manhattan, City of New York, Southern District of New York." Also the following as to infringement:

"And your orator further shows unto your honors that the defendant Fox Typewriter Company, Limited, makes the typewriting machines containing the devices herein complained of under the name ,'Fox Visible Typewriter,' in close imitation of the well-known typewriting machines made by complainant and known as 'Underwood Visible Typewriter'; that it consigns the same to the defendant Graves Typewriter Company, which is, as your orator is informed and believes, the agent of the said defendant Fox Typewriter Company, Limited, in the city of New York, Southern District of New York, for the purpose of selling typewriting machines containing the devices herein complained of on behalf and for account of the defendant Fox Typewriter Company, Limited; that said Graves Typewriter Company does so sell the same, and that said defendants jointly and severally commit the acts of infringement hereinafter complained of for their mutual profit and advantage. Yet the defendants, well knowing the premises and the rights accruing to your orator as aforesaid, but contriving to injure your orator and deprive it of the benefits and advantages which might and otherwise would accrue unto it from said inventions, after the issuing of the said two letters patent as aforesaid, and within six years before the commencement of this suit, did, as your orator is informed and believes, and therefore avers, without the license or allowance and against the will of your orator and in violation of your orator's rights and in infringement of the aforesaid letters patent, and particularly claims 4 and 5 of said letters patent No. 436,916, and claims 6 and 8 of said letters patent No. 452,268, at New York, in the Southern District of New York and elsewhere, unlawfully and wrongfully and in defiance of the rights of your orator, make, construct, use and vend to others to be used the said inventions, and did make, construct, use and vend to others to be used. typewriting machines and attachments for the same, made according to and employing and containing the said inventions, and your orator charges it to be a fact that the defendants and their confederates still continue so to do, and that they are threatening to make the aforesaid machines in large quantities, and to supply the market therewith and to sell the same. And your orator further shows unto your honors that the inventions of the aforesaid two letters patent are capable of conjoint use in one and the same typewriting machine, and that all of the several inventions of said two letters patent are so conjointly used by the defendant in each of a large number of typewriting machines made and sold by them and herein complained of. All in defiance of the rights acquired by and secured to your orator as aforesaid and to your orator's great and irreparable loss and injury, and for which your orator has been and still is being deprived of great gains and profits which it otherwise might and would have obtained, but which have been received and enjoyed and are being received and enjoyed by the said defendants by and through their aforesaid unlawful acts and doings. And your orator further shows unto your honors that said defendants have made and sold and caused to be made and sold large quantities of said typewriting machines and have a large quantity on hand which they are offering for sale, and have made and realized large profits and advantages therefrom, but to what extent and how much exactly your orator does not know and prays the discovery thereof; and your orator says that the use of the said inventions by said defendants, and their preparations therefor and avowed determination to continue the same, and their other aforesaid unlawful acts in disregard and defiance of the rights of your orator, have the effect to and do encourage and induce others to venture to infringe said patents in disregard of your orator's rights."

It appears from the record before me that the Fox Typewriter Company, a Michigan corporation, not the Fox Typewriter Company, Limited, appeared in this suit and filed a plea to the jurisdiction of this court. One William R. Fox made an affidavit April 10, 1907, that he was "president of the Fox Typewriter Company, successor to the Fox Typewriter Company, Limited, alleged defendant

in the above-entitled cause," etc. An affidavit was made by one Eugene Eble May 6, 1907, that defendant Fox Typewriter Company, Limited, was the defendant served, and made and intended to be made defendant. On an order to show cause, the bill of complaint and the affidavits and plea Judge Lacombe made an order May 23, 1907, "that the aforesaid plea be, and the same hereby is, stricken from the records of this court and expurged, because filed by the Fox Typewriter Company which is not a party to this suit." This order of Judge Lacombe also provided "that the Fox Typewriter Company, a Michigan corporation, may enter its special appearance and plead to the jurisdiction of this court as the successor of the Fox Typewriter Company, Limited, signing itself the Fox Typewriter Company, Limited, by the Fox Typewriter Company, a corporation." Also, that complainant "have leave to amend its bill of complaint by changing the expression 'corporation' as applied to the Fox Typewriter Company, Limited, to 'a limited copartnership association.'" Thereupon the following plea was filed, and complainant set same down for argument, viz.,

"United States Circuit Court, Southern District of New York.

"In Equity.

"Underwood Typewriter Company, Complainant, v. Fox Typewriter Company, Ltd., and Graves Typewriter Company, Defendants.

"Plea of the Fox Typewriter Company, Ltd., to the Bill of Complaint of the Underwood Typewriter Company, Complainant, by the Fox Typewriter Company, a Corporation.

"The Fox Typewriter Company, Limited, by the Fox Typewriter Company, a corporation, especially appearing under protest by permission of the court first had and obtained for the purposes of this plea, and for no other purpose, says: That this court has no jurisdiction for the reason that the said Fox Typewriter Company terminated its existence a long time prior to the bringing of this suit, viz.: November 9, 1904; that during its existence it had its principal place of business in the city of Grand Rapids, in the state of Michigan, and that during the existence of the said Fox Typewriter Company, Limited, it had no regular or established place of business in the state of New York, or in the Southern District of New York as alleged in the bill of complaint. That neither the said Graves Typewriter Company nor Edwin J. Graves, the president of the Graves Typewriter Company, was an officer, agent or in any way connected with the Fox Typewriter Company, Limited, during its existence, except that the said Edwin J. Graves and the Graves Typewriter Company purchased typewriters manufactured by the said Fox Typewriter Company, Limited; that neither the Fox Typewriter Company, Limited, nor Edwin J. Graves, nor the Graves Typewriter Company ever manufactured, used or sold in the Southern District of New York any tabulator or tabulator device or devices whatsoever during the existence of the said Fox Typewriter Company, Limited. All of which matters and things the said Fox Typewriter Company, by its successor, the Fox Typewriter Company, avers to be true, and pleads to the jurisdiction of this honorable court and prays the judgment of this honorable court, whether it shall be compelled or ought to be required to make any other or further answer to the said bill of complaint, and prays to be hence dismissed, with its costs and charges in this behalf most wrongfully sustained.

"The Fox Typewriter Company, Limited.

"By the Fox Typewriter Company, a corporation.

"Per W. R. Fox, President.

"I hereby certify that the foregoing plea is in my opinion well founded in point of law and is not interposed for the purposes of delay.

"David G. McConnell,

"Fred L. Chappell.

"United States Circuit Court, Southern District of New York.
"In Equity.

"Underwood Typewriter Company, Complainant, v. Fox Typewriter Company, Ltd., and Graves Typewriter Company, Defendants.

"State of Michigan, County of Kent, ss.:

"William R. Fox, being first duly sworn, makes solemn oath and says: That he is the president of the Fox Typewriter Company, a corporation, which is the successor of the Fox Typewriter Company, Limited, and that he was chairman of said Fox Typewriter Company, Limited. That he makes this affidavit on behalf of the said Fox Typewriter Company, Limited, and its successor, the Fox Typewriter Company, a corporation. That the foregoing plea is true in point of fact. That the Fox Typewriter Company, a corporation, is the successor of the Fox Typewriter Company, Limited, and has acquired all of its assets and rights and assumed all its debts and obligations, and that the foregoing plea is not interposed for the purpose of delay.                                                          "William R. Fox.

"Subscribed and sworn to before me this 25th day of May, 1907.
                                                          "Earl Stopoe,
"[Seal.]                         Notary Public in and for Said County and State.
"My commission expires October 21, 1909."

The complainant says this plea, if true, does not show want of jurisdiction in this court, and that it is bad for multifariousness, and that there has been an adjudication in this case, as shown by the records of this court, that this court has jurisdiction, inasmuch as Judge Lacombe on a motion herein for a preliminary injunction, in accordance with the prayer of the bill of complaint, granted such injunction against the defendant Fox Typewriter Company, Limited, and that such order is in full force and has not been appealed from; that the granting of such order necessarily adjudged and determined that the defendant Fox Typewriter Company, Limited, had done business in this state substantially as alleged in the bill of complaint, and has infringed the patents by some of the acts alleged; also, that the plea is not to the jurisdiction alone, but also denies infringement, and does not reduce the case or issues to a single point, or issue but presents two issues, that of jurisdiction and that of infringement, and hence should be overruled. It will be noted that the bill of complaint alleges, in substance, that the Fox Typewriter Company, Limited, a Michigan corporation, or limited copartnership association, makes the infringing machines presumably in Michigan, and consigns them to the defendant Graves Typewriter Company, presumably in New York, and that the last-named company is the agent of the first-named company for the purpose of selling in New York such infringing machines made by the first-named company on behalf and for the account of the said first-named company, and that such agent company does so sell same, and that the two companies jointly and severally commit the acts of infringement complained of for their mutual profit and advantage; that the defendants have not only made and constructed in New York, but have used and vended to others to use the said infringing machines in New York, all in defiance of the rights of complainant. The infringement by both defendants is set out with great and all necessary detail in the bill of complaint.

The allegations of the plea interposed by and purporting to be made by the Fox Typewriter Company, Limited, in its own behalf,

and which is not in accordance or compliance with the order of Judge Lacombe, are (1) that the defendant Fox Typewriter Company, not the Fox Typewriter Company, Limited, terminated its existence long before the commencement of this suit; (2) that during its existence it had its principal place of business in Michigan, and that during the existence of the Fox Typewriter Company, Limited, it had no regular or established place of business in the Southern District of the state of New York as alleged in the bill of complaint; (3) that neither the defendant Graves Typewriter Company, nor its president, Edwin J. Graves, was an officer or agent or in any way connected with the Fox Typewriter Company, Limited, during its existence, except that they purchased typewriters manufactured by said company (not alleging that they did not do this in New York, Southern District, from the Fox Typewriter Company, Limited, or that such typewriters so purchased were not the alleged infringing devices or machines); and (4) that neither the Fox Typewriter Company, Limited, nor Edwin J. Graves, nor the Graves Typewriter Company ever manufactured, used, or sold in the Southern District of New York any tabulator or tabulator device or devices whatsoever during the existence of the Fox Typewriter Company, Limited. This plea fails to allege that the Fox Typewriter Company, Limited, did not during its existence engage in, or that it is not now engaged in, making the alleged infringing machines, consigning them to the Graves Typewriter Company in New York, Southern District, for the purpose of having them sold there by it, and does not allege that the Fox Typewriter Company, Limited, did not sell in New York, in said district, to the Graves Typewriter Company to be sold by it such alleged infringing machines. Tabulators and tabulator devices are or may be very different from the machines described and complained of as infringing machines.

To give this court jurisdiction of the defendant Fox Typewriter Company, Limited (or of this Fox Typewriter Company, a corporation), if it has existence, which is a question of fact, it is necessary (1) that it be an inhabitant of the district in which the suit is brought, the Southern District of New York, which, confessedly, it is not; or (2) that it "shall have committed acts of infringement and have a regular and established place of business" in such district. Of course, in a patent case to enjoin alleged infringement, this is equivalent to saying that, when a party is sued outside the district of his residence, the action must be based on acts of infringement committed in the district where the suit is brought, and that the defendant must also have (or have had at the time such acts were committed, as to which there is question) "a regular and established place of business" in such district. Should the bill filed against a foreign corporation, and showing that fact, fail to allege both acts of infringement in the district where filed, and that the defendant has a regular and established place of business there, it would be demurrable. Bowers v. Atlantic, etc., Company (C. C.) 104 Fed. 887; Feder v. Fiedler (C. C.) 116 Fed. 378; U. S. Gramophone Company v. Columbia Phonograph Company (C. C.) 106 Fed. 220. If the allegation of infringement in the district be a jurisdictional fact which must be alleged, and the existence of such

place of business in the district be also a further jurisdictional fact which must be also alleged, it seems that permission to the Fox Typewriter Company, a Michigan corporation, to "enter its special appearance and plead to the jurisdiction of this court as the successor of the Fox Typewriter Company, Limited, signing itself as the Fox Typewriter Company, Limited, by the Fox Typewriter Company, a corporation," was express permission to the Fox Typewriter Company, a corporation, to enter its plea stating that the Fox Typewriter Company, Limited, ceased to exist long prior to the commencement of the action; that during its existence it had its principal place of business in Michigan, the state of its incorporation and legal residence; that during its existence it never had a regular or established place of business in the Southern District of the state of New York; that, during its existence or since, it did not commit the alleged acts of infringement or any acts of infringement, and that the Fox Typewriter Company, a corporation, interposing the plea was and is the successor of the Fox Typewriter Company, Limited, that it has no regular and established place of business in the Southern District of the state of New York, and had none when the suit was brought. This, however, is not the plea interposed. It expressly states, "Plea of the Fox Typewriter Company, Ltd., to the Bill of Complaint of the Underwood Typewriter Company, Complainant, by the Fox Typewriter Company, a Corporation." Then, "the Fox Typewriter Company, Limited, by the Fox Typewriter Company, a corporation * * * says, that this court has no jurisdiction, for the reason that the said Fox Typewriter Company terminated its existence a long time prior to the bringing of this suit, viz., November 9, 1904," etc. There is not a word or suggestion in this plea that the Fox Typewriter Company, a corporation, is the successor of the Fox Typewriter Company, Limited, or that such Fox Typewriter Company, a corporation, appears or pleads. By the express terms of the order of Judge Lacombe the Fox Typewriter Company, a corporation, was to put in the plea if any as the successor of the Fox Typewriter Company, Limited, signing itself Fox Typewriter Company, Limited, because it claimed to be the successor of that company. This it has not done. It is not done in substance or effect. The dead appears and pleads saying I am dead, I cannot appear, I cannot plead, I never had a place of business in New York city as alleged in the bill of complaint. I do not think there was any purpose on the part of the Fox Typewriter Company, a corporation, the successor, if it be such, of the Fox Typewriter Company, Limited, to comply with the order, or to commit itself. It could do all it has done, sign the plea interposed in the form it did, and its president could make the affidavit he made, without committing or compromising the corporation. The Fox Typewriter Company, a corporation, the successor, has not said and does not say, or purport to say, even in the plea filed, that its predecessor the Fox Typewriter Company, Limited, did not do the acts constituting the alleged infringement charged in the bill of complaint. The allegations in the plea do not cover the acts of infringement charged. Nor does the plea to the jurisdiction quoted allege that the said Fox Typewriter Company, Limited, did not have and does not have a regular and established place of business

in the Southern District of New York, which district is much more extensive than the city of New York—embraces several counties of the state of New York not embraced in the city of New York—but does say it "had no regular or established place of business in the state of New York, or in the Southern District of New York as alleged in the bill of complaint." The bill of complaint contains no allegation of a place of business in the state of New York outside of the Southern District, hence the allegation as to no place of business in the state of New York qualified by "as alleged in the bill of complaint" denies nothing, controverts nothing, raises no issue. The bill of complaint alleges that the Fox Typewriter Company, Limited, had a regular and established place of business and an agent in the city of New York, Southern District of New York. The plea states that said company had no regular or established place of business in the Southern District of New York "as alleged in the bill of complaint." Here, again, this allegation as to no place of business is qualified by the words "as alleged in the bill of complaint" so that it does not allege that the Fox Typewriter Company, Limited, did not have a regular and established place of business within the Southern District of New York. All this goes to the essence of this plea, and coupled with the facts that there has been a contest on the motion for the preliminary injunction, which was granted, on a motion to suspend the taking of testimony, on a motion to dissolve or suspend such preliminary injunction, to dismiss the bill as against the Fox Typewriter Company, Limited, all denied, all made by the Fox Typewriter Company, Limited, and the papers in which proceedings are on file as a part of the record in this case and were before me on the argument by consent, although not printed, leads me to the conclusion that the plea is without merit. Again, the plea does not allege or state that the Fox Typewriter Company, a corporation, the successor of the Fox Typewriter Company, Limited, does not have or did not have when suit was brought a regular and established place of business in the Southern District of the state of New York.

Again, should the complainant be compelled to go to a trial of the issues raised by this plea in a patent case? Evidence would have to be taken on the issue of the place of business of the Fox Typewriter Company, Limited, and of the Fox Typewriter Company, a corporation, the successor, and on the question of infringement, which would necessarily include the question of the validity of the patent, for if invalid there could be no infringement, and would probably lead into a consideration of the question of priority of invention and the state of the prior art, for there might not be infringement even if the patent is valid, giving it its proper construction, in view of the prior art. Infringement is a necessary allegation to make a cause of action, and it may be said that it is not an allegation going to the jurisdiction, and hence would not or should not be considered in determining the question of jurisdiction. If we construe the statute referred to as demanding only that, where a defendant, corporation, copartnership, association, or individual is sued for acts of infringement alleged to have been committed in the district where the suit is brought, and so alleged, the jurisdictional question involved is, did

such party defendant, at the time of bringing the suit, have a regular and established place of business in such district, then this plea is clearly multifarious. But I do not think the statute is to be so construed. I think that in such a case as this the plea to the jurisdiction of the court may include both an allegation that there was no act of infringement by the defendant in the district where the suit is brought, and that the defendant has no regular and established place of business in such district, or did not have when suit was commenced, both or either. Should it be shown on such an issue as to jurisdiction that the defendant had not committed any act of infringement in the district where suit was brought, then jurisdiction would be defeated, and it seems to be immaterial that the determination of that question also goes to and defeats the action on the merits in case it is found there was no such infringement. If it be determined on the question or issue of jurisdiction that the acts of infringement were committed in the district, still there is no jurisdiction in the circuit court of the district if it is shown that defendant has no regular and established place of business in such district—that is, did not have such a place of business when the suit was commenced. The acts of infringement charged in this bill are alleged to have been committed in the city of New York entirely independent of the allegation as to jurisdiction, viz., "the said Fox Typewriter Company, Limited, having a regular and established place of business and an agent in the city of New York, Southern District of New York," and which allegation relates to the time when the suit was brought and no other. I do not think it necessary to allege and show under the statute referred to (Act March 3, 1897, c. 395, 29 Stat. 695 [U. S. Comp. St. 1901, p. 589]), in order to confer jurisdiction on this court, that the defendant Fox Typewriter Company, Limited, or its successor the Fox Typewriter Company, a corporation, had a regular and established place of business in the Southern District of New York at the time when the acts of infringement were committed in such district. Jurisdiction is conferred and obtained if the defendant committed the acts of infringement in such district before suit brought, and if when suit was brought the defendant liable for the infringement had a regular and established place of business in the district. This is the plain reading of the statute, and its plain purpose. The language is:

"That in suits brought for the infringement of letters patent the Circuit Courts of the United States shall have jurisdiction in law, or in equity, in the district in which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service * * * may be made. * * * *"

The words "shall have committed" and "have a regular," etc., are significant. The first relates to the past—to a time prior to bringing the suit—the last, to the time of bringing the suit. The existence of a place of business in the district where suit is brought at the time of the commission of the acts of infringement is entirely immaterial. If a resident and inhabitant of one district goes into another and com-

mits acts of infringement therein, having no regular and established place of business there, and thereafter establishes a regular place of business in such district, and has it when sued, jurisdiction exists and is obtained if the service of process be regular and made in accordance with the statute. Congress did not intend to exempt infringers living in one district from suit in another where they commit their unlawful acts on the ground that when so committing the acts they had not established and did not maintain a regular place of business in such district. It was not intended to offer an exemption from suit in the district where infringement was practiced if the wrongdoer would not establish and maintain a regular place of business there while doing the acts. It did intend such infringers might be sued in such district provided they had, at the time of suit brought, "a regular and established place of business" in such district, so that lawful service could be made in the district on the defendant, or on his agent engaged in conducting such business there. Walker on Patents (4th Ed.) 330, § 389; Feder v. A. B. Fiedler & Sons (C. C.) 116 Fed. 378; Bowers v. Atlantic G. & P. Co. (C. C.) 104 Fed. 887, 888; Westinghouse E. & Mfg. Co. v. Stanley E. Mfg. Co. et al. (C. C.) 121 Fed. 101; Chicago P. T. Co. v. Philadelphia P. T. Co. (C. C.) 118 Fed. 852. If the defendant Fox Typewriter Company, Limited, has no existence, and had none when suit was brought and no successor liable for its acts, I do not comprehend how it is in court, or how any service could have been obtained, and a proper course would have been a motion by the person served to set aside the service of the process. E. Waterman Co. v. Parker Pen Co. (C. C.) 100 Fed. 544; U. S. C. S. R. Co. v. Phœnix R. S. & P. Co. (C. C.) 124 Fed. 234, 236; Walker on Patents (4th Ed.) p. 331, where it is said:

"Where a defendant intends to deny habitation, or the existence of a regular and established place of business, in the district in which a suit has been begun, the proper practice is a special appearance for the purpose; and a motion to set aside whatever service of process may have been made, upon any person as assumed representative of the defendant. Where a defendant intends to deny any infringement within the district in which a suit has been begun, that denial may be made by demurrer, unless such infringement is asserted in the bill. And where such infringement is asserted in the bill, that denial may be made by a plea or by an answer."

The record in this case shows that defendant has been enjoined in this very action, that it has moved to vacate or suspend, and that the motion has been denied. Other motions have also been denied. The alleged successor, Fox Typewriter Company, a corporation, a stranger so far as then appeared, without permission of the court, put in a plea to the bill of complaint. Judge Lacombe struck it out because that company was not a party. On the representation that it was the successor to the defendant and therefore the real party in interest, Judge Lacombe made an order that it, the Fox Typewriter Company, a corporation, might put in its special appearance and plead to the jurisdiction of this court "as the successor of the Fox Typewriter Company, Limited, signing itself the Fox Typewriter Company, Limited, by the Fox Typewriter Company, a corporation." Should it do so it must assert that it is the successor, stands in its place, not conceding liability, however; and, that its plea to the jurisdiction

be good, it is necessary for it to allege, either that the Fox Typewriter Company, Limited, was not guilty of the acts of infringement complained of, or that the Fox Typewriter Company, a corporation, the successor, did not have, at the time the suit was commenced, "a regular and established place of business" in the Southern District of New York, or both such facts.

The corporation allowed to plead, the alleged successor, has not pleaded at all. The company pleading says it had ceased to exist long before suit brought. This allegation, if true, shows it has no standing in court and cannot plead. If it can plead, being dead, and has a successor, then the plea must show that the alleged infringing company did not infringe, which it does not do, as shown, or that its successor, the Fox Typewriter Company, a corporation, had no regular and established place of business in the Southern District of New York when the suit was brought, which the plea does not do. But I do not think that a limited copartnership association which had ceased to exist and which has a successor can put in such a plea as this under the circumstances of this case, and in view of what has occurred in the case as shown by the records. Fox Typewriter Company, a corporation, the successor, does not plead or pretend to. If the Fox Typewriter Company, Limited, was a limited copartnership association, and it ceased to exist long before suit was brought, and some one of the surviving partners has been sued herein, he can appear and successfully defend himself or set aside the service, or he could have done so by moving in time. All these facts are matters of defense, and do not go to the question of jurisdiction over the defendant Fox Typewriter Company, Limited.

In patent cases, the question of infringement in the district where suit is brought against a foreign corporation or resident of another state, even though it goes to the jurisdiction, may be properly raised on a motion to dismiss made at the close of complainant's proofs. Streat v. American Rubber Co. (C. C.) 115 Fed. 634. And in patent cases pleas should not be allowed unless they reduce the controversy to a single point or issue, except in very special cases, and the question of infringement should not be determined or tried on a plea. Thresher v. General Electric Company (C. C.) 143 Fed. 337, 340, 341. See cases there cited at page 341.

Conceding that setting this plea down for argument by the complainant admits, for the purposes of the argument, the truth of all the facts stated in the plea, it denies their sufficiency to bar recovery. I do not think they are sufficient and hence the plea is overruled.

Defendant may have 20 days in which to answer. The said Fox Typewriter Company, a corporation, may come in if it desires, and answer as the successor of the Fox Typewriter Company, Limited.

## Supplemental Opinion.

RAY, District Judge. The opinion filed was based on the record submitted to the court on the hearing. In that record as printed and submitted to the court the statement is "the Fox Typewriter Company, Limited, by the Fox Typewriter Company, a corporation, especially appearing under protest by permission of the court first had and obtain-

ed for the purposes of this plea, and for no other purpose says: That this court has no jurisdiction for the reason that the said Fox Typewriter Company terminated its existence a long time prior to the bringing of this suit, viz., November 9, 1904. That during its existence it had its principal place of business in the city of Grand Rapids, in the state of Michigan, and that during the existence of the said Fox Typewriter Company, Limited, it had no regular or established place of business in the state of New York or in the Southern District of New York as alleged in the bill of complaint." My attention is now called to the fact that in the record or plea on file the reading is: "This court has no jurisdiction for the reason that the said Fox Typewriter Company, Limited, terminated its existence a long time prior," etc., the word "Limited" after "Fox Typewriter Company" having been omitted by error of printer, and the error not having been corrected in the printed copy handed the court. Admitting this to be true I am asked to reconsider my decision. I do not regard this as very material or at all material on the efficiency of the plea.

Judge Lacombe in his order of May 23, 1907, striking from the records the former plea, that of the Fox Typewriter Company, a corporation, successor to the Fox Typewriter Company, Limited, a Michigan copartnership, etc., for the reason that the Fox Typewriter Company, a corporation, was not a party defendant, gave permission to the Fox Typewriter Company, a Michigan corporation, to enter its special appearance and plead to the jurisdiction of the court as the successor of the Fox Typewriter Company, Limited, signing itself the Fox Typewriter Company, Limited, by the Fox Typewriter Company, a corporation. The language of that order is plain and explicit. It was permission to the Fox Typewriter Company, a Michigan corporation, to enter its special appearance and plead to the jurisdiction as the successor, etc. It was not permission to the Fox Typewriter Company, Limited, alleged to be dead—out of existence—to specially appear and plead. It was permission to the alleged successor to appear and plead in behalf of itself as the alleged successor, etc.

The plea thereafter interposed and set down for argument does not even purport to be the plea of the Fox Typewriter Company, a Michigan corporation, pleading as the successor of the Fox Typewriter Company, Limited. It starts in by saying, "Plea of the Fox Typewriter Company, Limited, to the Bill of Complaint of the Underwood Typewriter Company, Complainant, by the Fox Typewriter Company, a Corporation." Then with this preliminary statement as to what the plea is, and whose plea it is, and in whose behalf it is made, and as to who presents it in behalf of the Fox Typewriter Company, Limited, it starts off as follows:

"The Fox Typewriter Company, Limited, by the Fox Typewriter Company, a corporation, especially appearing," etc., "says," etc.

This is not the plea of nor a plea by the Fox Typewriter Company, a corporation, as successor, etc., nor does it purport so to be. It expressly asserts the contrary. It is not in compliance with Judge Lacombe's order, and it does not purport to be. There is not an allegation or statement in this plea that the Fox Typewriter Company, a

corporation, has succeeded to the Fox Typewriter Company, Limited, or that it has authority to represent it. If the Fox Typewriter Company, Limited, is in existence it can appear and plead to the jurisdiction. If it is not in existence, and was not at the time of the commencement of this action, I fail to see how it could have been served or how it can now either appear or plead. If some surviving partner was served as representing that company he should have moved to set aside the service. If some one connected with the Fox Typewriter Company, a corporation, has been served, and that corporation is fearful it will be bound as the successor of the Fox Typewriter Company, Limited, for the reason it has succeeded to its rights, etc., and is liable for all its acts, and desires as such successor to specially appear and plead to the jurisdiction, it should have availed itself of Judge Lacombe's order. It should have appeared specially and interposed its plea, a plea as its own and in behalf of itself as the successor. Had it done so it could have pleaded: (1) The termination of the existence of the Fox Typewriter Company, Limited, November 9, 1904, long before the commencement of this action; (2) that it had succeeded to said company, as its successor, etc.; (3) that during its existence the Fox Typewriter Company, Limited, had no regular and established place of business in the Southern District of New York, and had none when the action was commenced; (4) that during its existence the Fox Typewriter Company, Limited, was not guilty of the infringements charged. This would have raised a question of jurisdiction. Then, in addition, if true, it could have alleged in the plea that the Fox Typewriter Company, a corporation, had no regular and established place of business in the Southern District of New York at the time this action was commenced or at the time of the alleged infringements, or both, and that it is not guilty of the infringement charged. Nothing of this kind has been done.

I fail to see how the Fox Typewriter Company, Limited, if nonexistent, as alleged, can appear or plead. Its successor might, by permission of the court, but it has not. This plea is, to my mind, purposely confused and evasive and dilatory. There is no allegation in the plea that the persons constituting the Fox Typewriter Company, Limited, have not, since it ceased to exist, infringed, using that name, or that they, acting in that name, did not have a regular and established place of business in the Southern District of the state of New York when the action was commenced. There is no allegation in the plea that the Fox Typewriter Company, a corporation, the alleged successor of the Fox Typewriter Company, Limited, did not commit the alleged infringing acts and all of them in the Southern District of the state of New York after it became such successor, or that it did not have a regular and established place of business in such district when this suit was commenced.

The application to open the case and reconsider on the actual record is denied, but the opinion rendered is amended hereby, and it will be considered that the true record was before this court on the argument.