COXE, District Judge.
This is an action by 10 of the stockholders of the Bowery Insurance Company against its receiver and directors praying for an accounting by reason of the alleged malfeasance of the defendants and the consequent impairment of the capital stock of the company. The complainants are citizens of Rhode Island and Maryland and the defendants áre citizens of Hew York, Hew Jersey, Illinois and Kentucky. The sole ground of jurisdiction is the diverse citizenship of the parties. The defendant Mailler has filed a plea disputing the jurisdiction of the court upon the ground that he is not an inhabitant of the Southern district of Hew York but resides in the Eastern district. The act of August 18, 1888 (25 Stat. 433), is clear and explicit. It provides that no civil suit shall be brought in this court against any person “in any other district than that whereof he is an inhabitant.” There is but one exception to this rule to be found in the statute. Where jurisdiction is founded solely upon diverse citizenship the suit may also be brought in the district of the plaintiff, if a citizen, provided he can there obtain service upon the defendant. This proviso is not now involved. The act of 1888, correcting the act of 1887, has been repeatedly construed by the courts. It has been held that the words “plaintiff” and “defendant” as used in the first section are not intended to restrict the act to causes where there is but one plaintiff and one defendant, but that the words are used in a collective sense and apply to cases where there are several parties on one side or both sides of the controversy. Accordingly, in a cause like the present, if no other law applies, all of the defendants must be inhabitants of the district where the venue is laid. Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303; Bensinger Self-Adding Cash-Register Co. v. National Cash-Register Co., 42 Fed. 81. The general object of the act of 1888 was to restrict and not to enlarge the jurisdiction of the circuit courts and where the jurisdiction is based on citizenship it requires that the suit shall be brought “in the state of which one of the parties is a citizen, and in the district therein of which he is an inhabitant and resident.” Shaw v. Mining Co., 145 U. S. 444, 12 Sup. *423 Ct. 935. It is manifest that if Mailler were the only defendant the court would be without jurisdiction, as in that event none of the parties to the action would be a resident of this district. It is equally clear that under, the act, as interpreted by the courts, the fact that some of the defendants are residents of this district does not give the court jurisdiction of the defendant Mailler who is not a resident. The plaintiffs do not dispute this proposition, but they maintain that jurisdiction can be sustained under the provisions of section 740 of the Revised Statutes which provides that “if there are two or more defendants residing in different districts of the state, it [the suit] may be brought in either district and a duplicate writ may be issued.” If this section be still in force it is conceded that the plea must be overruled, and, on the other hand, it is conceded that if it has been repealed the plea must be allowed. The question then is narrowed to the simple inquiry, has section 740 been repealed by subsequent legislation? The section has not been expressly repealed; it is not mentioned eo nomine either in the act of 1875, or in the act of 1888. The act of 1875 (18 Stat. 470), after enacting that “no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, or in which he may be found at the time of serving such process,” etc., repeals all acts and parts of acts in conflict therewith. The act of 1888 expressly provides that it shall in no way affect any jurisdiction or right mentioned in sections 641-643, 723, and title 24 of the Revised Statutes or section 8 of the act of March 3, 1875, or the civil rights act of March 1, 1875. The act of 1888 expressly repeals the last paragraph of section 5 of the act of March 3, 1875, section 642 of the Revised Statutes and “all laws and parts of laws in conflict with the provisions of this act.” The question here involved has never been directly decided by the supreme court. In several cases, as in Shaw v. Mining Co., supra, section 740, is referred to, and is treated, apparently, as part of the existing law, but the question here discussed seems not to have been the subject of judicial investigation in that court. The nearest approach to an expression of opinion is found in Greeley v. Lowe, 155 U. S. 58, 15 Sup. Ct. 24, where the court, at page 72,155 U. S., and page 27,15 Sup. Ct., says:
“As no exception was made in that act [1875] of the cases provided for by sections 740, 741, and 742, Rev. St., it is at least open to some doubt as to whether suits will lie against nonresident defendants under those sections.”
The question has, however, been squarely decided in East Tennessee, V. & G. R. Co. v. Atlanta & F. R. Co., 49 Fed. 608, where the court in a well-reasoned opinion reaches the conclusion (page 616):
“That the special cases for which provision was made by the act of May 4, 1858, embodied in sections 740, 741, and 742 of the Revised Statutes, relating to the locality of suits in the states containing more than one district, were not within the contemplation of congress when that act [1875] was enacted, and are not repealed by it. * * * The provisions of the act of August 13, 1888, amendatory of the act of 1875, in respect to the questions under discussion, are in no particulars different from the latter act. These recent statutes, therefore, are likewise within the range of the authority of U. S. v. Mooney, 116 U. S. 104, 6 Sup. Ct. 304, and, in the opinion of the court, clearly did not repeal sections 740, 741 and 742 of the Revised Statutes.”
*424 Repeal by implication is not favored. If the earlier law be not plainly in conflict with the later law it should stand. If effect may be given to both it is the plain duty of the court to uphold the earlier law. “No statute should be construed as repealing a prior one, unless so clearly repugnant thereto as to admit of no other reasonable construction.” Cope v. Cope, 137 U. S. 682, 11 Sup. Ct. 222; Red Rock v. Henry, 106 U. S. 596, 1 Sup. Ct. 434. The court is unable to see that the language quoted from section 740 is inconsistent with the provisions of section 1 of the act of 1888. It provides for a contingency not mentioned in the act. If congress had incorporated it in the act of 1888 the first section would be consistent and harmonious. The act would then provide that no civil suit shall be brought against any person “in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant, but if there are two or more defendants residing in different districts of the state, it may be brought in either district.” The construction contended for by the plaintiffs is not only in harmony with the statute of 1888, but also with the constitution, which provides (article 3, § 2), that “the judicial power shall extend * * * to controversies between citizens of different states.” A contrary ruling would close the federal courts to citizens of different states if the defendants, though living within a mile of each other and even in the same city, happen to live in different judicial districts. The general theory underlying section 740, Rev. St., has, to some extent, been recognized by congress in subsequent legislation where judicial districts have been divided. In each of these instances, so far as the court has examined them, there is a provision to the effect that “if there are two or more defendants residing in different divisions of the district, such suits may be brought in either division.” 21 Stat. 63, 155, 175; 27 Stat. 72. The situation is fairly stated by the language of the supreme court above quoted. There is, perhaps, “some doubt” whether section 740 is still in force, but it is thought that the doubt should be resolved against the theory of repeal by implication.
The act of 1888 makes no provision for cases where the plaintiff is a citizen of one state and the defendants are citizens of another state but reside in different districts. The last clause of section 740 provides for these cases, and if retained in the body of the law the federal courts will hold a class of causes which, under the constitution and the general theory of legislation since, appears to be within the scope of their jurisdiction. The court is of the opinion that the clause in question may with consistency be retained, that it is not in conflict with the law of 1888, and, therefore, that its repeal should not be declared. The plea is overruled. The defendant may answer within 20 days.