### NEW JERSEY STEEL & IRON CO. v. CHORMANN et al.

(Circuit Court, S. D. New York. December 10, 1900.)

FEDERAL COURTS—JURISDICTION—DISTRICT OF SUIT.

Query, whether Rev. St. § 740, authorizing suits against two or more defendants residing in the same state, but in different districts, to be brought in one of such districts, and a duplicate writ issued to the other, was repealed by the provisions of the judiciary act of 1887–88, which prohibits the bringing of an action against a defendant in any district other than that of his residence.

Application for an order instructing the clerk to issue a duplicate subpœna to the marshal of the Northern district of New York against the defendant Chormann, under section 740, Rev. St. U. S.

Henry B. Clason, for the motion.
Arthur H. Mastens, opposed.

LACOMBE, Circuit Judge. The situation in this district touching the questions raised in the present application is unsatisfactory, and some final disposition of the subject is desirable. Several years ago the question was first presented to the writer. Upon an examination of the statutes, he was convinced that section 740 was repealed by the provisions of the acts of 1887 and 1888. These acts expressly repealed statutes inconsistent with their provisions, and it was difficult to understand why a provision prohibiting the bringing of an action against an individual in any district except that of his residence was not inconsistent with a provision that he might be sued in some district not of his residence, provided it was within the same state. The care with which congress expressly reserved from the operation of the repealing clause section 641 and others seemed to indicate that that body understood quite well what was the meaning of the language it employed, and intended that it should be interpreted according to its grammatical construction. No opinion, however, was written at the time, although the clerk was instructed thereafter not to issue duplicate subpœnas under the provisions of section 740. Subsequently the same question arose in this district before Judge Coxe, in Goddard v. Mailler (C. C.) 80 Fed. 422. There being no opinion in the earlier case, Judge Coxe was not advised of the former decision, and considered the point as one of novel impression in this district. He followed Bank v. Harrison (C. C.) 8 Fed. 721, and East Tennessee,

V. & G. R. Co. v. Atlanta & F. R. Co. (C. C.) 49 Fed. 608, 15 L. R. A. 109, and held that section 740 was still in force. An examination of the careful opinions filed in the three cases last cited has failed to change the writer's impression as to the proper construction of the acts of 1887 and 1888. Under these circumstances, the best disposition to make of the present application seems to be to instruct the clerk to issue the duplicate subpœna. When it is served, the defendant Chormann may appear specially for the purpose of contending that the court in the Southern district of New York has no jurisdiction of him, and raise the point either by plea or in some other appropriate way. From the decision rendered upon such plea, an appeal will lie to the appropriate court of review, and the question thus be finally disposed of.