## JOHN D. PARK & SONS CO. v. BRUEN et al.

(Circuit Court, S. D. New York. November 11, 1904.)

1. FEDERAL COURTS—SUIT AGAINST DEFENDANTS IN DIFFERENT DISTRICTS—JURISDICTION.

    The practice in the Second Circuit follows a decision holding that Rev. St. § 740 [U. S. Comp. St. 1901, p. 587], which provides that where defendants reside in different federal districts in the same state an action may be brought in either, and a duplicate writ issued to the other district or districts, was not repealed directly by the judiciary act of March 3, 1887, as amended by Act Aug. 13, 1888 (25 Stat. 433, c. 866 [U. S. Comp. St. 1901, p. 508]), nor by implication by the provisions of section 1, that a suit shall be brought only in the district of which either plaintiff or defendant is an inhabitant.

On Demurrer for Want of Jurisdiction.

Morris & Fay (Henry T. Fay, of counsel), for complainant.

Robinson, Biddle & Ward, for certain defendants.

HAZEL, District Judge. The complainant, a foreign corporation, is a citizen of the state of Kentucky. The defendants are citizens of the state of New York, some of whom are residents and inhabitants of the Southern District, others of the Northern, and still others of the Western District. A number of individual defendants, residing in the Northern and Western Districts, have appeared specially and filed a joint and separate demurrer upon the sole ground that the court has not jurisdiction of the person of such defendants. It is conceded that if section 740 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 587] was not repealed by the provisions of the act of March 3, 1887, as amended by the act of August 13, 1888 (25 Stat. 433, c. 866 [U. S. Comp. St. 1901, p. 508]), the jurisdiction of the court over the demurrants is complete, and accordingly the demurrer must be overruled. The decisions upon this point are not entirely uniform. The prevailing practice, however, is controlled by the adjudication in Goddard v. Mailler (C. C.) 80 Fed. 422. In that case Judge Coxe, after carefully considering the question, decided that section 740 was not inconsistent with the later enactments and was neither expressly nor impliedly repealed. Hence it was held that two or more defendants, residents and inhabitants of different districts of the state, may be sued in either district. In New Jersey Steel & Iron Co. v. Chormann (C. C.) 105 Fed. 532, Judge Lacombe questioned the soundness of the holding in the Goddard Case, but nevertheless directed the issuance of a duplicate subpœna pursuant to section 740, and suggested that the controverted question be afterward raised by plea or demurrer, to the end that a final settlement thereof might be had on appeal to the Circuit Court of Appeals. No appeal, however, was taken. Therefore, in view of the prior decision in this circuit, under which the practice of issuing a duplicate writ by the clerk against defendants, who are residents of different districts, would seem to be upheld, the additional suggestions submitted by counsel for complainant on argument need not be discussed. The demurrer is overruled, with costs. The defendants may answer within 20 days.