UNITED SHOE MACHINERY CO. v. DUPLESSIS INDEPENDENT SHOE MACHINERY CO., Limited, et al.

(Circuit Court, D. Massachusetts. December 13, 1904.)

No. 1,970.

1. PATENTS—SUITS FOR INFRINGEMENT—JURISDICTION OF SUIT AGAINST ALIEN.
   Act March 3, 1897, c. 395, 29 Stat. 695 [U. S. Comp. St. 1901, p. 589], providing that suits in Circuit Courts for the infringement of patents shall be brought only in "the district in which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a

regular and established place of business," applies only to defendants who are inhabitants of some district within the United States, and does not affect patent suits against aliens, which may be brought in any district where the defendant may be found.

In Equity. On plea to the jurisdiction.

Elmer P. Howe, Benjamin Phillips, and Alfred H. Hildreth, for complainant.

T. Hart Anderson, for defendants.

HALE, District Judge. This suit in equity is brought by the United Shoe Machinery Company, a citizen of the state of New Jersey, for infringement of a patent, against the Duplessis Independent Shoe Machinery Company (Limited), the Duplessis Shoe Machinery Company, Joseph Cyprien Desautels, and Charles Arthur Hamel. The two defendant corporations are alleged to be alien corporations incorporated under the laws of Quebec, in the Dominion of Canada, having their chief place of business in the Province of Quebec, and a regular and established place of business within the district of Massachusetts. Charles Arthur Hamel is alleged to be a citizen of the United States of America, and a resident of Haverhill, in the district of Massachusetts. Joseph Cyprien Desautels is alleged to be an alien, a subject of his majesty Edward VII, and a resident of the city and district of St. Hyacinthe, in the province of Quebec.

The case comes before the court upon the plea of Desautels to the jurisdiction of this court, in which plea he moves the court to set aside any service, or pretended service, of process on him, alleging that he is a subject of the King of Great Britain and Ireland, and a resident of the city and district of St. Hyacinthe, in the Province of Quebec; that he is not now, and never has been, a resident of the district of Massachusetts; and that he has not now, and never has had, a regular and established place of business in the district of Massachusetts.

The question, then, before the court is whether an alien, who is an inhabitant of no district within the United States, but who is alleged to have committed acts of infringement within the United States, and who has been served with process within this district, is within the jurisdiction of this court.

Section 629 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 503] provides that "the circuit courts shall have original jurisdiction as follows: * * * Ninth. Of all suits at law or in equity arising under the patent or copyright laws of the United States." Section 711 [U. S. Comp. St. 1901, p. 577] provides that "the jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned shall be exclusive of the courts of the several states: * * * Fifth. Of all cases arising under the patent-right or copyright laws of the United States."

Under these general provisions, the Circuit Courts of the United States have original and exclusive jurisdiction of all patent suits, without regard to the citizenship of the parties or of the amount in controversy. Has this ample jurisdiction of the Circuit Courts been restricted by subsequent legislation? If it has not, an alien may be sued

for the infringement of a patent wherever he may be found. It is necessary to examine the history of legislation touching this matter. The act of March 3, 1887, c. 373, 24 Stat. 552, as amended by the act of March 3, 1891, c. 517, 26 Stat. 826 [U. S. Comp. St. 1901, p. 508], provided, among other things, as follows:

"But no person shall be arrested in one district for trial in another in any civil action before a Circuit or District Court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."

This statute was before the Supreme Court for construction in the case of In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211. In commenting upon the words which we have quoted from the statute, Mr. Justice Gray, speaking for the court, said:

"These words evidently look to those persons, and those persons only, who are inhabitants of some district within the United States. Their object is to distribute among the particular districts the general jurisdiction fully and clearly granted in the earlier part of the same section; and not to wholly annul or defeat that jurisdiction over any case comprehended in the grant. To construe the provision as applicable to all suits between a citizen and an alien would leave the courts of the United States open to aliens against citizens, and close them to citizens against aliens. Such a construction is not required by the language of the provision, and would be inconsistent with the general intent of the section as a whole."

That case further decided that the law of 1887 did not apply to suits for the infringement of patents. The Supreme Court in Re Keasbey and Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402, confirmed the decision of the Hohorst Case in reference to suits for the infringement of patents, and settled the law on that subject. So that under the statute of 1887 patent suits against citizens of the United States were brought wherever the defendant could be found. This was the situation when the act of March 3, 1897, was passed. That act is found in chapter 395, 29 Stat. 695 [U. S. Comp. St. 1901, p. 589]. The statute is as follows:

"That in suits brought for the infringement of letters patent the Circuit Courts of the United States shall have jurisdiction in law or in equity, in the district in which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which said defendant has a regular and established place of business, service of process, summons, or subpoena upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

By that act Circuit Courts have jurisdiction "in the district in which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business." In Bowers v. Atlantic Co. (C. C.) 104 Fed. 887, Judge Coxe, in discussing this statute, says: "Infringement alone will not give jurisdiction; a regular place of business alone will not give jurisdiction; both must concur." The decision in that case is to the effect that the act of 1897 restricted the jurisdiction of the court. At page 890, Judge Coxe says:

"The jurisdiction did not need to be broadened; it was as broad as it had ever been since the creation of the government. It was limited only by the national sovereignty. There was not a foot of ground within the limits of the United States where an infringer was safe from process. * * * There was no demand for a more extended jurisdiction; on the contrary, the demand was that the jurisdiction should be limited so that all suits should stand upon an equal footing."

That case distinctly holds that the act of 1897 was in the nature of a compromise between the former broad legislation of Congress and the narrowness of the act of 1887; that whereas the former legislation was too broad, the law of 1887 was too narrow. The act of 1897 was passed after the decision of the Supreme Court in the Keasbey and Mattison Case; so that in making the law Congress must be presumed to have had in mind the former statutes and the construction that those statutes had received in the Hohorst Case and in the Keasbey and Mattison Case. It may fairly be said that, while the former of these cases may be held to be dictum upon the point in question, the latter case confirmed the former. The law of 1897 did undoubtedly restrict the jurisdiction of the Circuit Courts. But was it the intention of Congress in that act to restrict such jurisdiction to the extent that an alien could not be sued in the Circuit Courts of the United States, although he could sue in those courts? The act of 1887 was held, as we have shown, not to apply to aliens and not to apply to patent suits. The act of 1897 changes the law with regard to patent suits by specifically defining the district in which patent suits shall be brought; but in that act no reference was made to aliens, the class of persons within its provisions being described by the word "defendant," while the act of 1887 used the words "any person." For example, the statute of 1887 says that "no suit shall be brought against any person * * * in any other district than that whereof he is an inhabitant." The law of 1897 says that the Circuit Courts shall have jurisdiction "in the district of which the defendant is an inhabitant:" It is a well-known rule of construction that no statute alters the settled law further than its words import. Shaw v. R. R. Co., 101 U. S. 557, 25 L. Ed. 892; U. S. v. Ryder, 110 U. S. 729, 4 Sup. Ct. 196, 28 L. Ed. 308. In U. S. v. Kirby, 7 Wall. 486, 19 L. Ed. 278, Mr. Justice Field, speaking for the Supreme Court, says:

"All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the Legislature intended exceptions to its language, which would avoid results of this character. The reason of the law in such cases should prevail over its letter."

See, also, Sedgwick on Construction of Statutes (2d Ed.) p. 201, and cases cited. Under the well-recognized rules of construction, we must decide that there does not appear to have been any intention on the part of Congress to change the settled law, or to make the law apply to suits brought against an alien for the infringement of a patent. We must hold, in reference to the statute of 1897, as the Supreme Court held in reference to another statute, in the Hohorst Case, supra, that the language of the statute applies only to those persons who are

inhabitants of some district within the United States. We think that this decision is the only one consistent with the general intention of the statute as a whole.

. The decree, therefore, must be: The plea of the defendant Desautels is overruled, with costs for the complainant.