DOSCHER v. UNITED STATES PIPE LINE CO. et al.

(Circuit Court, E. D. Pennsylvania. March 23, 1911.)

No. 479.

COURTS (§ 270*)—FEDERAL DISTRICTS — DEFENDANTS RESIDING IN DIFFERENT DISTRICTS IN SAME STATE—STATUTES –REPEAL.

Rev. St. § 740 (U. S. Comp. St. 1901, p. 587), providing that, when a state contains more than one district, every suit not of a local nature, must be brought in the district where the defendant resides, but, if there are two or more defendants residing in different districts of the state, it may be brought in either district, etc., was not repealed by Act March 3, 1875, c. 137, § 1, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, § 1, 24 Stat. 552, and corrected by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), declaring that no civil suit shall be brought before either the Circuit or District Courts of the United States against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; and, where jurisdiction is founded only on the fact that the action is between citizens of different states, suit may be brought only in the district of the residence of either defendant or plaintiff, but the two acts should be read together, section 740 being regarded as an exception to the general rule prescribed by section 1 of the act of 1875.

Sections 51 and 52 of the new Judicial Code referred to in illustration.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 810; Dec. Dig. § 270.*]

In Equity. Bill by Henry Doscher against the United States Pipe Line Company and others. On motion to set aside service. Denied.

Eugene Mackey, for the motion.

Henry F. Cochrane, opposed.

J. B. McPHERSON, District Judge. This bill is brought by a citizen and resident of New York, and the jurisdiction of the court depends solely on the diverse citizenship of the parties. Some of the defendants reside in the Eastern, and some in the Western, district of Pennsylvania. The nonresidents have been duly served, but appear specially and move to set aside the service and quash the marshal's return. Section 740 of the Revised Statutes (page 587, U. S. Comp. St. 1901) provides distinctly for the case in hand:

"When a state contains more than one district, every suit not of a local nature, in the Circuit or District Courts thereof, against a single defendant, inhabitant of such state, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the state, it may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides. The clerk issuing the duplicate writ shall indorse thereon that it is a true copy of a writ sued out of the court of the proper district; and such original and duplicate writs, when executed and returned into the office from which they issue, shall constitute and be proceeded on as one suit; and upon any judgment or decree rendered therein, execution may be issued, directed to the marshal of any district in the same state."

If this section is still in force, the defendants were properly served; if (as they contend) it has been repealed, no law has been cited, and

I know of none, that permits service upon one of several defendants who does not reside in the district of suit, although he may reside in another district of the same state. The result would be, that, if there were several defendants, it might be necessary to bring as many suits as there are districts in the state—three in Pennsylvania, and two or more in some other states. Is this the present state of the law? If section 740 has been repealed, such result has been accomplished by the act of 1875 (Act March 3, 1875, c. 137, 18 Stat. 470), amended in 1887 (Act March 3, 1887, c. 373, 24 Stat. 552), and corrected in 1888 (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]). The relevant provisions of the statute are as follows:

"Section 1. * * * No civil suit shall be brought before either of said courts [Circuit or District] against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Section 10 repeals "* * * all acts and parts of acts in conflict with the provisions of this act," but evidently adds no force to section 1. If section 1 is repugnant to Rev. St. § 740, repeal takes place by implication; and section 10 merely puts the implication into words when it says that conflicting acts are repealed. The question therefore is this: Is the quoted part of the act of 1875 so repugnant to section 740 that the two cannot stand together?

Repeals by implication are not favored. As the Supreme Court has said:

"It is a familiar doctrine that repeals by implication are not favored. When there are two acts on the same subject, the rule is to give effect to both if possible. But if the two are repugnant in any of their provisions, the latter act without any repealing clause operates to the extent of the repugnancy as a repeal of the first; and, even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions plainly showing that it was intended as a substitute for the first act, it will act as a repeal, of that act." United States v. Tynen, 78 U. S. 92, 20 L. Ed. 153.

This is the general and well-known rule, and to apply it always requires a court to construe the two statutes involved. I do not know how that can be better done than by reading them together—in effect, as if they were separate sections of the later act, or even as parts of the same section. In theory, and indeed in fact, a body of laws in pari materia is a continuous expression of the legislative will, and prima facie one part is as binding as another. But if the Legislature declares directly that a preceding expression of its will shall have no future force, no construction is required. The declaration executes itself, as soon as the preceding law is found. But if there is no such specific reference—merely a general declaration that previous laws, if in conflict, must give way—it is necessary to examine the contents of the earlier and the later statutes and determine whether both can stand. In my opinion, if this is done, and if section 740 is read as a part of the act of 1875, the quoted provisions are not clearly repugnant, but may fairly be harmonized. If there was no other statute

on this subject than the act of 1875, its declaration—that where the jurisdiction depends only on diverse citizenship "suit shall be' brought only in the district of the residence of either the plaintiff or the defendant"—would be decisive in favor of the defendants now complaining. But, as soon as one adds to that sentence the relevant portion of section 740—namely, "but if there are two or more defendants residing in different districts of the state, it may be brought in either district, and a duplicate writ may be issued against the defendants directed to the marshal of any other district in which any defendant resides"—and construes the two provisions together, I think it sufficiently appears that the two acts are not inconsistent. The act of 1875 states a general rule and one exception thereto, and section 740 makes a second exception.

As it seems to me, the meaning of section 1 of the act of 1875 becomes reasonably clear if one slight change is made, whereby the meaning may be more precisely expressed. The last clause of the sentence is an exception, or a proviso, to the sweeping language of the first clause. The first clause says, without qualification, "no civil suit" shall be brought against a defendant "in any other district than that whereof he is an inhabitant." To this an exception is immediately stated: A particular kind of suit, namely, where the parties are of diverse citizenship, may nevertheless be brought in the district where the plaintiff resides as well as in the district where the defendant resides. Now, as the word "but" here clearly means "except," if we say "except," the meaning then becomes plainer, as it seems to me. In brief, the meaning of the two statutes appears to be this: As a general rule, a defendant must be sued where he resides; as an exception, if the jurisdiction depends upon diverse citizenship, the defendant may also be sued where the plaintiff resides; as a further exception, if defendants reside in different districts of the same state, the suit may be brought in either district, and service may be made in both.

There is this practical consideration also in favor of sustaining section 740, if the question of repeal is doubtful. The inconvenience to a defendant of being sued in a different district may sometimes be real, and should be avoided as far as practicable. But it is much more inconvenient for a plaintiff, not merely to bring one suit away in a defendant's district, but to be obliged to bring several suits on the same cause of action, and to try the same issues more than once. In Pennsylvania he might have to go over the same ground three times at great expense and hardship. Further, what is to be done with a joint cause of action? Unless statutes intervene, there can be only one suit on a joint cause of action. Where is it to be brought? Must the plaintiff give up all remedy against those who do not happen to reside in the district which he must finally choose?

I do not intimate that the question involved here is without difficulty. On the contrary, it is troublesome, and admits of either answer. The Supreme Court did not consider it in Petri v. Lumber Co., 199 U. S. 487, 26 Sup. Ct. 133, 50 L. Ed. 281, and in Greeley v. Lowe, 155 U. S. on page 72, 15 Sup. Ct. on page 27 (39 L. Ed. 69), declared it in

passing to be "at least open to some doubt." The Circuit Courts are not in harmony about it, and an examination of their decisions will readily disclose its perplexing character. Bank v. Harrison (C. C.) 8 Fed. 721; E. Tenn. R. R. v. Atlanta R. R. (C. C.) 49 Fed. 608, 15 L. R. A. 109; Goddard v. Mailler (C. C.) 80 Fed. 422; N. J., etc., Co. v. Chormann (C. C.) 105 Fed. 532; to which perhaps may be added Seybert v. Railway Co. (C. C.) 110 Fed. 810. Fortunately the question will no longer be open after January 1, 1912, for in sections 51 and 52 the recent Judicial Code has expressly re-enacted both the act of 1875 and section 740, and has thus placed them in immediate juxtaposition. It is therefore clear that Congress has not only thought section 740 to be desirable, but sees no repugnance between the two statutes. It has specifically repealed them both, but has preserved their precise language by re-enactment, and has (I think with much significance) made them succeeding sections of the same revision. Unless I am prepared to say that sections 51 and 52 of the Judicial Code must hereafter be held to be irreconcilably repugnant, I do not see how I can now make a precisely similar ruling.

The motions are overruled.