## CHEATHAM ELECTRIC SWITCHING DEVICE CO. v. TRANSIT DEVELOPMENT CO. et al.

(Circuit Court, E. D. New York.   October 26, 1911.)

**1. COURTS (§ 268*)—PATENTS—SUIT FOR INFRINGEMENT—DISTRICT OF SUIT.**

The provision of Rev. St. § 740 (U. S. Comp. St. 1901, p. 587), that, where there are two or more defendants in a suit in a federal court residing in different districts of the same state, the suit may be brought in either district, and duplicate writs issued directed to the marshal of any other district in which any defendant resides, is not applicable to suits for infringement of patents which are governed entirely by Act March 3, 1897, c. 395, 29 Stat. 695 (U. S. Comp. St. 1901, p. 588), providing that such suits may be brought in the district of which the defendant is an inhabitant, or in which he "shall have committed acts of infringement and have a regular and established place of business," and under such act, although joint infringement is charged against defendants residing in different districts of the same state, a joint suit cannot be maintained therefor in a district other than that of which one of them is an inhabitant, unless he shall have both committed an act of infringement, and have a regular and established place of business in such district.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 806–807; Dec. Dig. § 268.*]

**2. COURTS (§ 268*)—JOINDER OF CAUSES OF ACTION.**

A claim for damages for conspiracy to injure complainant in his property rights cannot be joined in a suit in equity for an injunction and accounting for infringement of a patent for the purpose of obtaining jurisdiction over a defendant who could not be sued in the district for the infringement.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 268.*]

In Equity.   Suit by the Cheatham Electric Switching Device Company against the Transit Development Company, the Nassau Electric Railroad Company, and the American Automatic Switch Company. On plea to jurisdiction by defendant the American Automatic Switch Company.   Plea sustained.

See, also, 190 Fed. 202.

O. Ellery Edwards, Jr., for complainant.
Kiddle & Wendell, for defendants.

CHATFIELD, District Judge.   The complainant heretofore sued at law two of the present defendants for infringement of patents by the use, manufacture, and installation of certain switching devices in

---

Brooklyn, N. Y. That action was at law, and was tried before a jury, resulting in a verdict for the plaintiff.

It appears by the allegations of the present complaint that the defendant Transit Development Company obtained the basic part of those structures from the defendant American Automatic Switch Company; that these devices were delivered in Brooklyn, and there supplied to and installed upon the lines of the defendant Nassau Electric Railroad Company. A number of other devices similarly furnished and installed are included in the present suit. The wiring and part of the work of installation was done by the defendant, the Nassau Company, which operates the devices, and, according to the present complaint, the defendant, the switch company, when supplying the original portions of each device, agreed to protect the other defendants from the results of any litigation which might ensue. The defendants the Transit Development Company and the Nassau Company are corporations of the state of New York, doing business within this district. The defendant the switch company is a corporation of New York, doing business in the Southern district, and having no organized place of business or residence in the Eastern district, where this suit was brought. The complainant is a corporation of the state of Kentucky. Inasmuch as the action involves the validity and infringement of patents, the court in this district undoubtedly has jurisdiction against the two defendants which have an office and do business here, under the provisions of chapter 395, Act March 3, 1897, 29 Stat. 695 (U. S. Comp. St. 1901, p. 588).

The present action has been brought in equity. It asks for the remedy of an injunction and for an accounting. It bases the rights, out of which the cause of action is said to have grown, upon the same patents litigated in the prior suit. The precise reason for this action is said to be that the defendant switch company has furnished a number of additional devices to the other defendants, who have used them in a way similar to that involved in the previous action, and an injunction is desired. The switch company's connection with the matter seems to have been that it contracted to sell and did sell or furnish the devices, which were installed later, to the other two defendants in Brooklyn, and that it agreed with them to do so for the purpose of such installation.

Looking at the matter, therefore, from the standpoint of a patent suit, we have the case of an alleged joint infringement by the defendants the transit company and the development company, and an allegation of contributory infringement or participation in actual infringement on the part of the switch company. Under these circumstances, the defendant the switch company has appeared specially and has interposed a plea to the jurisdiction of the court, claiming that, under the provisions of the act of 1897, above cited, no suit based upon the infringement of a patent can be brought in this district against the switch company, inasmuch as it either has not infringed in this district, or, if any of its acts should constitute infringement, that it has not an office or established place of business in the district.

We are not called upon to consider the questions which might be raised by demurrer or by answer, as to the possibility of showing

joint infringement so as to unite the various defendants in one suit; nor is it necessary to consider whether or not jurisdiction exists against all of the defendants upon the merits of the cause of action set forth. The question raised by the present bill affects solely the right to issue process against the defendant switch company (a non-resident) upon a complaint which does not allege that this defendant company is infringing, and has a regular place of business within this district.

Two points must be considered. First. If the action is an action for the infringement of a patent alone, so that the jurisdiction of the United States courts is sought under sections 629, 711, Rev. St. (U. S. Comp. St. 1901, pp. 503, 577), because a question under the patent law is involved, can the defendant switch company be held as a party, and can the action be maintained in this district, under the provisions of section 740 of the Revised Statutes, which is as follows:

"Sec. 740. When a state contains more than one district, every suit not of a local nature, in the Circuit or District Courts thereof, against a single defendant, inhabitant of such state, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the state, it may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides. The clerk issuing the duplicate writ shall indorse thereon that it is a true copy of a writ sued out of the court of the proper district; and such original and duplicate writs, when executed and returned into the office from which they issue, shall constitute and be proceeded on as one suit; and upon any judgment or decree rendered therein, execution may be issued, directed to the marshal of any district in the same state." (U. S. Comp. St. 1901, p. 587.)

Second. If section 740 be held not to extend the jurisdiction of the courts by making it possible to issue process to other districts of this state in patent cases, can the present action be maintained as a suit between citizens of different states under other statutes than those conferring jurisdiction with respect to patents, and hence can the suit be maintainable under the general language of section 740 against the party which has a place of business and is an inhabitant of another district in this state, and which has infringed (it is alleged) jointly with the other defendants who reside in this district?

[1] It was admitted upon the argument, and the papers show, that the defendant the switch company could not be sued alone in this district for alleged infringement of patent, as it has no regular place of business in this district. Joining it with two other defendants in a patent suit can make no difference, unless section 740 confers jurisdiction to sue.

The complainant admits that the law of 1897 is conclusive and controls, if there be but one defendant in an action. But it contends that if infringement occurs in this district, and the other defendants can be sued here, then section 740 should apply even to a patent case, on the ground that it is within the words of the section "any suit in equity." In other words, it makes section 740 apply, so as to bring into the suit another defendant, who could not be sued alone, and who thus would be sued in a district where jurisdiction to sue is not given by the act of 1897. It has been held in numerous cases, such as Goddard

v. Mailler (C. C.) 80 Fed. 422, Shaw v. American Tobacco Co., 108 Fed. 842, 48 C. C. A. 68, Feder v. A. B. Fiedler & Sons (C. C.) 116 Fed. 378, U. S. Consolidated Seeded Raisin Co. v. Phœnix Raisin S. & P. Co. (C. C.) 124 Fed. 234, and Bowers v. Atlantic, G. & P. Co. (C. C.) 104 Fed. 887, that, under the statutes above cited, no patent case can be maintained, except in a district in which the defendant resides or has a regular place of business, and has infringed.

It was further said in Bowers v. Atlantic, G. & P. Co., supra, Thomson-Houston Electric Co. v. Electrose Mfg. Co. (C. C.) 155 Fed. 543, United Shoe Machinery Co. v. Duplessis Independent Shoe Mach. Co., Limited (C. C.) 133 Fed. 930, and Goddard v. Mailler, supra, that by the law of 1897 jurisdiction of the courts in patent suits has been further restricted from its previous scope, and left in the condition approved by the cases cited, where, as is said in the Thomson-Houston Case, supra:

"Compliance with the requirements of the act of March 3, 1897, is necessary in order that jurisdiction may be had."

It would seem, therefore, that, if the present action be viewed as a patent suit, it must be held that the provisions of section 740 are not applicable thereto for the purpose of enlarging the number of districts in which suit can be brought. It was held that the law of 1897 is not controlling even in a patent suit against an alien. United Shoe Machinery Co. v. Duplessis Independent Shoe Mach. Co., Limited, supra, which cites In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211, in which it was decided that such laws as those conferring jurisdiction because of diverse citizenship were not applicable to a patent suit against an alien. In the Hohorst Case, also, the court held that jurisdiction in patent cases was conferred by the provisions of the law of 1897, and not by any of the other statutes referred to herein. This decision was further stated and definitely established by the case of Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402.

The provisions of the acts of 1887 and 1888, which conferred jurisdiction in suits involving over $2,000 upon the United States courts in certain districts, dependent upon the habitation or citizenship of the parties, therefore cannot affect suits for infringement of patents nor enlarge or diminish the definite requirements relating to the bringing of such actions under the general statute (section 629), and the act of March 3, 1897 (supra).

Assuming that these sections conferring jurisdiction according to residence, citizenship, etc., have been in existence as a part of the statute law of the United States for a long period, and that the statute of 1887, as amended in 1888, which provides for the jurisdiction of United States courts concurrent with that of the state courts, was in force when the law of 1897 conferring jurisdiction in patent suits was passed, it must be assumed that the Congress in passing the law of 1897 intended to modify the general jurisdiction with respect to the bringing of patent suits between citizens of different states; and this has been fully established by the cases cited. Under the law prior to the statute of 1897, a patent action could be brought in any district

where the defendant could be properly served and infringement occurred, and the statute now known as section 740 was in existence also, prior to the passage of the law of 1897. If the other sections relating to the bringing of actions between citizens of different states were, held not to apply to suits brought with relation to the infringement of patents, it would seem that section 740, which plainly has to do with the bringing of actions under the general provisions conferring jurisdiction, was of no effect against patent actions, and was not affected by nor had any effect upon the jurisdiction conferred by the statute of 1897.

It may be assumed that the word "defendant" in the statute of 1897 covers more than one party defendant, if there be joint infringers who can be sued in the same district. Under the law of 1897, an action for the infringement of a patent can be brought against a party not a resident of the district, but infringing therein, and having a regular place of business therein. The first part of section 740 (that is the provision relating to the bringing of a suit against a single defendant in the district where he resides) would be inapplicable or would have no effect (because opposed to the statute of 1897) in the case of a nonresident, who had a place of business in the district of infringement. The reasoning in the cases of In re Hohorst and Keasbey & Mattison Co., supra, would seem to make it follow that the second part of section 740 cannot be taken away from the first part of that section and applied by itself to patent suits merely because there may be more than one infringer who resides in another district of the same state, or has a regular place of business there. The instances in which the joint infringer is a citizen of the same state, rather than of an adjoining state, must be so few in number that it is unnecessary to do violence to the language of the statute for the sake of making it fit this particular action.

There has been some suggestion that section 740 has been repealed, but this is immaterial here, and, in fact, as has been held in the case of Goddard v. Mailler, supra, and also in the case of Doscher v. United States Pipe Line Co. (C. C.) 185 Fed. 959, section 740 has not been repealed. But, as it is inapplicable to patent suits, we need not pursue the question further. The recent codification of the laws relating to the judiciary, which is to take effect January 1, 1912, renders more difficult the present question, inasmuch as the first section of the law of 1887, supra, relating to the bringing of actions in the United States courts upon ground of diversity of citizenship, has been embodied in the general provisions relating to jurisdiction, and the words "concurrent with the state courts" have been omitted.

The remaining portions of the law of 1887 have been introduced separately as sections relating to the removal of causes, while the provisions of the law of 1897, as well as section 740, have been carried over into another chapter, under the title, "Miscellaneous Provisions," with but minor modifications of the text. The principle, however, remains the same. The section relating to patents is conclusive, as was decided in the cases above cited, and confers jurisdiction, without reference to the provisions of the sections determining jurisdiction with respect to citizenship, and the districts in which such actions may or

may not be brought. The contention of the complainant, therefore, as to the applicability of section 740 to a patent case, in which there may be defendants infringing jointly in the same district but residing or having their principal place of business in different districts in the same state, or to defendants who might reside in adjoining districts in the same state, who have infringed the same patent, but who are not joint infringers in one district, cannot be maintained.

[2] As to the second question, it is claimed by the complainant that he is not suing upon the alleged infringement of the patent alone. In fact, the complainant seems to agree that either from the standpoint of having a regular place of business, or of committing acts of infringement that is, looking at the action as a patent suit), it would be unable to hold the defendant switch company, either by itself or jointly with others in this district. It seems to contend that it has a separate or a different cause of action because it has alleged that the defendant switch company has conspired with the other defendants to violate the complainant's rights, and has contrived and intended to injure the complainant and deprive it of profits growing out of the letters patent. It charges in the complaint that the three defendants, having so illegally and knowingly conspired, have infringed by offering for sale, furnishing, and using the patented device. (This is stated as a joint transaction, although it appears that one defendant sold, another furnished, and still another operated the device.) It may be assumed that an action for willful injury to personal property may be brought, and that damages may be secured for a violation of property rights. An action based on conspiracy to restrain interstate commerce, if damages follow from such conspiracy, may be brought under Act July 2, 1890, c. 647 (26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]). Meeker v. Lehigh Valley R. R. Co., 183 Fed. 548, 106 C. C. A. 94. But the remedy in such instances would have to be an award for damages proven in an action at law, and could not be joined with the ordinary prayer for injunction and accounting and the maintenance of a suit under the patent laws as they now exist.

Assuming, therefore, that the complainant is attempting, as he seems to show from the form of his bill in equity and the prayer for relief, to pursue two at least of the defendants for joint infringement of patent rights, and that the third defendant is an accessory before the fact to acts charged as infringements against the other two, it is impossible to hold that any cause of action has been united with the main charge of infringement, which could be classified as a common-law action for damages and maintained separately in the same suit. Much less can it be held that the complainant can acquire jurisdiction for his suit under the patent laws, as to the general cause of action, and at the same time claim jurisdiction under a different statute, inapplicable to patent cases, as to a third defendant, solely because of a charge of conspiracy; that is, an allegation of knowledge in advance with reference to the acts of infringement alleged to have been committed in the district.

It may be inferred from the pleadings that, upon demurrer or upon the trial of the action, no act of infringement in this district could be

shown on the part of the switch company; or, at most, that the act of infringement would be merely contributory to or a part of the installation and use of the complete structure by the other two defendants.

If damages and injunction against the users is the object sought, then nothing is gained by trying to bring in the third defendant. If a broad injunction against the maker is the object desired, it would seem that one suit in the proper district would be as useful as a number of suits in each of which users would have to be joined, and which would not take the place of the main action.

Considering these difficulties, as well as the plea to jurisdiction actually presented upon this argument, it must be held that the present action cannot be maintained against the switch company, but should be dismissed as to it, and continued as to the other two defendants.