### ZELL v. ERIE BRONZE CO. et al.

(District Court, E. D. Pennsylvania. June 27, 1921.)

No. 2153.

Patents ⬦288—Defendant in infringement suit may be served in another district of same state.

Judicial Code, § 52 (Comp. St. § 1034), providing that, when a state contains more than one district, if there are two or more defendants residing in different districts, suit may be brought in either district and duplicate writ issued to any other district where any defendant resides, and be there served upon him, *held* applicable to suits for infringement of patents, brought in a district where authorized by section 48 (section 1030).

In Equity. Suit by Frank D. Zell against the Erie Bronze Company and others. On motion to set aside service. Denied.

Fraley & Paul and William A. Glasgow, all of Philadelphia, Pa., for plaintiff.

J. Neff Ewing and Chas. N. Butler, both of Philadelphia, Pa., for defendants.

#### Facts.

DICKINSON, District Judge. The cause is a patent case, and the proceeding is one against the defendants jointly for a joint trespass upon the patent rights of plaintiff. The ground of jurisdiction of the subject-matter is that a law of the United States is involved. Jurisdiction with respect to parties is based upon the fact of the service of the bill. One of the defendants is an inhabitant of this district and was here served. The other defendants are inhabitants of the city of Erie, and the service upon them was extraterritorial; they having been served in the Western district. The motion is on behalf of the latter defendants.

#### The Question Outlined.

The question before us is not one of jurisdiction, otherwise than in a very subordinate sense. The expression is an allowable one that

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

jurisdiction is twofold, in that to give the court authority to decide the cause it must have jurisdiction both of the subject-matter and of the parties. Jurisdiction is indeed threefold, in that the court may have jurisdiction generally of the subject-matter and jurisdiction of the defendants by service of its process, and yet may not be the court designated by law to try the particular case. Jurisdiction of the parties, strictly viewed, is wholly a question of the proper service of process, including in this, of course, whether the party was amenable to such service. The real question involved here is whether those of the defendants who reside out of the district were properly there served with process, in the sense of whether they were there amenable to such service.

### Discussion.

Broadly and generally, in the absence of any statutory limitation or extension of its powers or other regulation of service, a court may acquire jurisdiction of the parties defendant by the service of its process within the territorial limits of the jurisdiction of the court, but not beyond these limits. The early legislation affecting the courts of the United States recognizes this general rule by providing that a defendant might be served in the district of which he was an inhabitant or in any district where found. This was changed by subsequent legislation providing that courts of the United States could entertain actions only in that district of which the defendant was an inhabitant unless the jurisdiction was solely on the ground of diverse citizenship, in which case the action might be brought in the district either of the defendant or the plaintiff.

The present proceeding, although one known as a patent suit, is, however, a proceeding in equity in no respect different from other such proceedings, except as provided by statute. A special provision was made by statute in respect to proceedings or actions brought for infringement of letters patent, in that such actions or proceedings might be instituted in the district of which the defendant was an inhabitant, or in the district in which he had committed acts of infringement and had a regular and established place of business, although he was not an inhabitant of that district. In the latter case process might be served upon the agent in charge of such business. There was occasion to provide for the class of cases in which there were several defendants, some of whom resided in one district and some in another, and this was done by the statute which enacted that in such a case the plaintiff might proceed against the defendant served, and if the defendants all were inhabitants of the same state, although of different districts, the action might be brought in the district of any one of them, and service had upon all by the usual service upon the defendants within the district in which the action is brought and extraterritorial service in the district in which the other defendants were. The service in this case is upheld, if at all, by this latter statute.

The thought, as we grasp it, which the argument addressed to us is intended to enforce, is that, although this statute would authorize

this extraterritorial service in other actions or proceedings, it does not authorize it in suits at law or in equity in infringement of letters patent cases.

## Legislation.

The legislation on the subject may be summarized chronologically as follows:

(1) Service permitted upon a defendant wherever found. Act March 3, 1875, 18 Stat. p. 470.

(2) Restricted to district of defendant, except where jurisdiction is dependent upon diverse citizenship alone, and then to district of either party. Act March 3, 1887, 24 Stat. p. 552; Act Aug. 13, 1888, 25 Stat. p. 433.

(3) In patent cases service was permitted in defendant's district, or upon him or his agent in any district in which acts of infringement had been committed, and the defendant had an established place of business. Act March 3, 1897, 29 Stat. p. 695.

All these provisions were carried into the revised Judicial Code (Act March 3, 1911, 36 Stat. p. 1087); cases 3 as section 48 (Comp. St. § 1030); cases 2 (R. S. § 739) as 51 (Comp. St. § 1033); and two other sections (R. S. §§ 737 and 740), 50 and 52 (Comp. St. §§ 1032, 1034), were added.

(4) Where there are several defendants residing in different districts, the court may entertain jurisdiction against those properly served, etc. Judicial Code 1911, § 50.

(5) Where there are several defendants residing in different districts of the same state, the court may entertain jurisdiction against all; those in other districts being served extraterritorially. Judicial Code, § 52.

This array of the legislative facts brings to light the contrasting views advanced by counsel:

That of the plaintiff is that any one of the several defendants was amenable to service in his own district, and as all of the defendants resided in the state, they might be brought in by extraterritorial service, and the whole wrong redressed in one action. The acts of Congress authorizing this applied to all actions, and, in consequence, to patent suits. With respect to these there was no inconsistency in subjecting infringers to process also in the district in which the infringement was committed, if they there maintained an office at which service could be made.

The view of defendant is that patent cases are in a class by themselves; that the present Revised Statutes and Judicial Code provide first for patent suits which can be brought only as the law prescribes, and after that provide a system for all other cases.

## The Decided Cases.

Each of these views finds support in some of the cases, and neither in others.

In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211. This case arose September 15, 1888, and was ruled December 18,

1893. The case was a patent case. The question was whether the restriction of the venue to the district of the defendant by the acts of 1887 and 1888 applied. The court held it did not.

In re Keasbey et al., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402, was a trade-mark case. It arose January 26, 1895, and was determined December 6, 1895. The question was whether a Massachusetts corporation could be sued in New York, because it there maintained an office, and because the other defendants were of the New York district. It was held that it could not. It will be noted that neither ruling is directly in point, for the double reason that the acts of Congress upon which the plaintiff in the instant case relies clearly did not apply, and that the Act of March 3, 1897, relating to the venue in patent cases, had not then been passed. The cases are cited in support of the proposition that the acts of Congress, upon which the present plaintiff relies, do not apply to patent cases, because emphasis was there laid upon the feature of the Hohorst Case, that it was a patent case, of which the United States courts had exclusive jurisdiction, "and was therefore not affected by general provisions regulating the jurisdiction of the courts of the United States concurrent with that of the several states."

The inference drawn by counsel for defendant is that the venue in patent cases is determined by the acts of Congress relating thereto, and as the act of 1897 now makes such cases triable in certain districts, this establishes a special system which is unaffected by other acts relating to a general system for other cases. The obstacle to the acceptance of this inference is that the act of 1897 had not been passed at the time of the quoted expression from the opinion in the Keasbey ·Case commenting upon the Hohorst Case. What we then had was a general regulation that no defendant was answerable, except in his own district or in a particular class of cases in the district of the plaintiff, if service was there had, and the further regulation that patent cases (which the Hohorst Case was) were triable only in the courts of the United States.

Bowers v. Atlantic G. & P. Co. (C. C.) 104 Fed. 887, however, supports the contention of counsel for defendant that the act of 1897 establishes a special system for the exercise of the jurisdiction of the courts in patent cases.

United Shoe Mach. Co. v. Duplessis Independent Shoe Mach. Co. (C. C.) 133 Fed. 930, was an identical case with In re Hohorst.

Doscher v. United States Pipe Line Co. (C. C.) 185 Fed. 959, was not a patent case, as jurisdiction there depended simply upon diverse citizenship. It is in consequence not directly in point, but the discussion of the general question by Judge McPherson is very helpful, in that he makes clear the absence of any inconsistency in proceeding in one district of a state against a number of defendants, each one of whom is of a district within the state.

Cheatham Electric Switching Device Co. v. Transit D. Co. (C. C.) 191 Fed. 727, is directly in point, and may be considered together with the Bowers Case.

A further historical review of the legislation affecting the question now before us, covering the occasion for the passage of the acts which were passed, gives promise of helpfulness in construing them. Patent suits, if resort is had to the equity side of the court, let us be again reminded, do not differ from other suits in equity, beyond such differences as may be ingrafted upon them by statute. When the general system affecting venue was such that the defendant in an infringement case might be served wherever found, the inconvenience of being called upon to answer in a distant jurisdiction was felt to be an injustice, and efforts were made to correct this. Before anything was done in relief of such difference, the venue had been limited to the district of the defendant. This meant that infringement of a patent might be carried on before the very eyes of the patentee, who would be without remedy to redress the wrong done him until he had gone to a perhaps distant district, in which the infringer resided. This was remedied by permitting the action to be brought in that district in which the infringing act was committed, if the defendant there maintained an office.

The line of thought upon which Cheatham v. Transit D. Co., and other cases of like import, were ruled, is clear enough. It begins with the proposition that the In re Hohorst Case rules in principle that the act of 1897 prescribes a special system for patent cases, which is unaffected by the general system for other kinds of cases. We do not so read the Hohorst Case. The defendant there was an alien corporation. Under the general system provided it could be sued only in its own district, and as it had no district it could not be sued in a United States court. Ordinarily it would, however, be subject to an action in the state court; but as the case was a patent case it was triable only in a court of the United States, and as a consequence, if the limitation in the act of 1887 applied to such a case, such a defendant in a patent case could not be sued at all. These two reasons, one that the defendant was an alien corporation, and the other that the case was a patent case, were given for the ruling made.

The genesis of these several acts of Congress and the order in which they appear in the present Judicial Code are all consistent with this thought, that a defendant in any kind of a case may be sued in his own district, and there alone, except that where diversity of citizenship is a sole ground of jurisdiction he may also be sued, if service can there be had upon him, in the district of the plaintiff, and that in patent suits the infringer may be sued in the district in which he commits acts of infringement, if he there maintains an office, etc.; that where there are several defendants the plaintiff may proceed against the defendant who is an inhabitant of the district in which the suit is brought, and if all of the defendants reside within the same state, although in different districts, they may all be sued in the district of any one of them, extraterritorial service being made upon those out of the districts. Had the act of 1897 been passed when infringers were suable in any district where found, the provision of the act limiting the venue to the district of the infringers and the district in which acts of infringement were committed and an

office maintained, it might well be viewed as a restriction of the right of action against them. Inasmuch, however, as at the time the act was passed infringers could be sued only in the court of their own district, the addition of another court in which they were liable to process cannot be regarded as a restriction, but an extension, of the rights of the plaintiff, and sections 51 and 52 gave further relief to plaintiffs broadly in all cases.

We have, as a result, a fairly complete system, equally protective of the rights of all litigants, including litigants in patent cases, and we are unable to see any inconsistency in so including them, nor any occasion to make of them exceptions to the general rule.

The motion of the defendants is denied, and an exception allowed them.