### POTTER et al. v. HOOK SCRAPER CO., Inc., et al.

District Court, S. D. New York.
Aug. 31, 1934.

Leonard B. Zeisler, of New York City, for complainants.

C. A. Weed, of New York City, for Hook Scraper Co.

CAFFEY, District Judge.

In order for this court, over objection, to retain the suit, it is certain that at least one defendant either (1) must be an inhabitant of this district, or (2) must have committed an act of infringement, as well as have a regular and established place of business, in this district. Judicial Code, § 48 (28 USCA § 109). I am uncertain whether the plaintiff rests its position, that there is venue in this district, on the first or on the second ground.

Paragraph 9 of the bill alleges that all the defendants have committed acts of infringement in the Southern District of New York. It does not, however, in terms allege, nor is it elsewhere alleged, that any defendant is an inhabitant or has a regular and established place of business here. Manifestly, such inhabitancy or such a place of business is essential to support venue. Acts of infringement alone are not enough.

Paragraph 2 of the bill alleges that the defendants are domestic or foreign corporations authorized to do business or individuals doing business in the Southern District of New York. It seems to me that, before decision of the motion on its merits, the court should feel sure of the claim—outside of what is contained in paragraph 9, whether of inhabitancy or of maintenance of a regular and established place of business—on which the plaintiff bases the contention that the case is properly in this court.

The Hook Scraper Company is neither an inhabitant of nor has it an established place of business in the Southern District of New York. It is indisputable, therefore—and indeed it is undisputed—that, without its consent or waiver, the suit cannot be maintained against it alone. The plaintiff says, however, that, by force of section 52 of the Judicial Code (28 USCA § 113), the Hook Scraper Company may be brought in—and this regardless of the absence from the bill of any allegation that this company has joined in or has contributed to infringement in this district by any other defendant or even that it has been in any way associated with any other defendant. Nevertheless, it would seem obvious that before venue can be sustained here, there must at least be a showing that one of the other defendants can be kept before the court. This brings us to the inquiry as to whether any of the seven other defendants is suable in this district under the provisions of section 48 of the Judicial Code.

■■ Of the remaining defendants, two are foreign corporations, three are domestic corporations, and (apparently) one is a partnership. The foreign corporations are not inhabitants of the state of New York at all. Ex parte Shaw, 145 U. S. 444, 12 S. Ct. 935, 36 L. Ed. 768. With respect to the corporations organized under the laws of New York, all that the bill, or the bill as supplemented

by the plaintiff's affidavit, discloses is that they are authorized to do and are doing business in this district. As to the members of the firm, the only thing affecting the subject which is asserted by the plaintiff is that they are doing business here. Is the averment of authority to do or the actual doing of business in the Southern District of New York the equivalent of saying that there is inhabitancy of or that there is maintained a regular and established place of business in this district? I think not. Galveston, etc., Railway v. Gonzales, 151 U. S. 496, 504, 14 S. Ct. 401, 38 L. Ed. 248; Fairbanks Shovel Co. v. Wills, 240 U. S. 642, 647, 648, 36 S. Ct. 466, 60 L. Ed. 841.

If I be right in what I have said above, then it follows that to date the plaintiff has not established necessary venue as to any defendant. If the plaintiff cannot make a showing as to some defendant, other than Hook Scraper Company, sufficient to sustain venue in this district, then there will be no occasion for the decision of the present question, under section 52 of the Judicial Code, chiefly dwelt on at the oral argument and in the briefs. Upon that question the court decisions seem to be in square conflict. Cheatham Electric Switching Device Co. v. Transit Development Co. (C. C.) 191 F. 727; Zell v. Erie Bronze Co. (D. C.) 273 F. 833. On the other hand, if the plaintiff can make a showing which will obviate the conclusion previously mentioned and be clearly adequate to establish jurisdiction of some other defendant, then the question argued can be determined on its merits.

As I understand the proof, service on the Hook Scraper Company in the Eastern District of New York was proper if the suit be one which can be brought by reason of presence in it of a defendant of which there is undoubted jurisdiction or in any event if the Hook Scraper Company be charged to be an infringer jointly with such a defendant. If so, granting the motion now would merely result in a new action being commenced, at the price of delay and expense to all concerned.

If the plaintiff elect to amend its bill, it may have leave to do so within a period to be fixed (say ten days). This, however, will be without prejudice to the Hook Scraper Company's position and with an extension, under its special appearance, of time to answer or otherwise plead until after the question of jurisdiction raised by it has been passed on. If plaintiff elect to stand on the bill in its existing form—as to which it shall notify the solicitors for the Hook Scraper Company with-

in five days after the entry of an order herein or within such other period as may be agreed on—the motion will be granted.

In view of the conclusion I have reached, I refrain from comment on the authorities cited. Their bearing will remain for consideration if plaintiff chooses to amend.

Settle order on two days' notice.