### CHEATHAM ELECTRIC SWITCHING DEVICE CO. v. TRANSIT DEVELOPMENT CO. et al.

### SAME v. BROOKLYN RAPID TRANSIT et al.

(District Court, E. D. New York.    July 28, 1915.)

PATENTS ☞301—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where the complainant in an infringement suit has unnecessarily delayed bringing the cause on for hearing, until one of the patents involved has almost expired, the court is justified in refusing a preliminary injunction, especially when it would injuriously affect the public.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 489–495; Dec. Dig. ☞301.]

In Equity. Suits by the Cheatham Electric Switching Device Company against the Transit Development Company and others and against the Brooklyn Rapid Transit and others. On motions for preliminary injunction. Denied.

O. Ellery Edwards, Jr., of New York City, for plaintiff.

Thomas J. Johnston, of New York City, for defendants.

CHATFIELD, District Judge. The present action is based upon a charge of infringement of two patents, issued to Robert V. Cheatham and assigned to the plaintiff. The earlier of these patents, No. 612,-702, was granted upon the 18th day of October, 1898, and the second one, No. 917,541, upon the 25th day of June, 1907.

The device charged to be an infringement is a type of switch thrower used by the street railroads of Brooklyn and known as "Type 15." In a previous action tried in this court before a jury (affirmed upon appeal, Transit Development Co. v. Cheatham Electric Switching Device Co., 194 Fed. 963, 114 C. C. A. 599) a general verdict upon the entire case was rendered in favor of the plaintiff, and, after decision of the appeal, application was made to include the switch just referred to as "Type 15" in an injunction and contempt proceeding brought as a part of the former action. This was denied, both because of the difficulties presented from the form of the verdict which was rendered upon several causes of action arising out of the two patents, and maintainable if either was valid and infringed, and because of the changed device claimed by the defendants in the form of the Type 15 switch and the new issue of noninfringement apparently raised thereby. (D. C.) 197 Fed. 563.

Upon the accounting in the former action, this question was again presented, and has been disposed of by leaving the issues for deter-

mination in the present action. The seriousness of the situation is based principally upon the fact that the first patent expires in October, 1915, and that final hearing can with difficulty be had before the expiration of the patent. For this reason it is alleged that the court should, upon the present application for preliminary injunction, determine upon the face of the papers that the Type 15 switch is an infringement of the patents which were the basis of the former action, and that this be done upon the assumption that the verdict in the former action conclusively established those patents as valid.

This is in all respects the same proposition which was involved in the application to punish the defendants in the preceding action for using Type 15 switch after they had been found responsible for infringement by the form of switch known as "Type 14." This court has for a considerable period endeavored to have the plaintiff proceed with the trial of the present action. The granting of a preliminary injunction at the present time would cause great annoyance to the public, at a time of year when the street car traffic is heaviest, and when no appeal and no determination at final hearing would be facilitated. The only benefit would be to give the plaintiff the relief which it has been contending for unsuccessfully in the form of other applications, and excuse it for its laches in proceeding with the trial of the action. This would be done by punishment of the defendants for the plaintiff's delay.

The situation does not call for such remedies. The plaintiff can proceed at a near term of court to final hearing, for the case will be treated as at issue as of June 17, 1915, and will then be disposed of before even the expiration of the first patent.

Motion denied.