CHEATHAM ELECTRIC SWITCHING DEVICE CO. v. BROOKLYN RAPID TRANSIT CO. et al.

(District Court, E. D. New York. December 21, 1915.)

No. 3–11.

PATENTS ☞323—SUIT FOR INFRINGEMENT—ISSUES—SCOPE OF DECREE.

A judgment at law for infringement was recovered against two defendants, the infringing article being an electric railway switch of a type known as "No. 14." Afterward suit in equity was brought against the same defendants to recover on account of additional switches of the same type put in use by defendants after the judgment and a decree for complainant was entered. On the accounting complainant offered evidence of the use by defendants of another type known as "No. 15," which was excluded on the ground that the question of infringement by that type had not been tried, whereupon complainant brought a second equity suit against the same and other defendants, in which such question was tried and decided in favor of defendants. Pending the hearing the patent expired. Defendants had ceased to use No. 14 switch before commencement of the suit. *Held,* that under such circumstances complainant was not entitled to take a decree against the new defendants for infringement by the No. 14 device, which was a question not litigated as against them and not in itself within the equity jurisdiction, since there was no ground for injunction, and the remedy at law was adequate.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 596–599; Dec. Dig. ☞323.]

In Equity. Suit by the Cheatham Electric Switching Device Company against the Brooklyn Rapid Transit Company, the Brooklyn Heights Railroad Company, the Nassau Electric Railroad Company, the Brooklyn, Queens County & Suburban Railroad Company, the Coney Island & Brooklyn Railroad Company, and the Transit Development Company. On motion by complainant for decree. Denied.

For former opinion, see 227 Fed. 613.

O. Ellery Edwards, Jr., of New York City, for plaintiff.

T. J. Johnston, of New York City, for defendants.

CHATFIELD, District Judge. A decree was entered in this case upon the 19th day of October, 1915, dismissing the bill upon an opinion made herein upon the 18th day of October, 1915. This decree has been vacated, in order to listen to an application for reargument which has now been denied,[1] and also to consider certain motions made by the plaintiff and which he was prevented from urging, through accidental default in attendance at the time the said decree was noticed for settlement and entry. The objections are so fundamental that the

---

[1] This was a motion for reargument, based upon the decision by the Circuit Court of Appeals of the Second Circuit, on the 9th day of November, 1915, in the case of Garrison et al. v. Eagle Wagon Works and William Deveson, 229 Fed. 159, —— C. C. A. ——.

Chatfield, District Judge (in memorandum). Motion for rehearing denied. The claims of the Lawrence patent allow the use of equivalents. The claim of Cheatham, however, was not of the same character. This was the point of the decision as it was made.

November 29, 1915.

court of its own motion set aside the decree, so as to dispose of these questions upon the merits.

The complaint upon which the action is brought charges infringement during the term of six years last past of patents Nos. 612,702 and 917,541. A reference to the opinion in Cheatham v. B. R. T. (D. C.) 226 Fed. 495, and to other parallel cases in (D. C.) 197 Fed. 563 (C. C.) 191 Fed. 727, 203 Fed. (D. C.) 285, Id., will give details of the previous litigation. The complaint then alleges the institution and trial of actions against the Transit Development Company and the Nassau Electric Railroad Company, based upon claim 3 of the earlier patent, and claims 1 and 2 of the later patent, and having to do with a certain switch used as a part of the defendants' structure and known as the No. 14 type switch. The complaint in this suit recites the verdict and judgment of the jury, including the assessment of damages for six switching devices installed by the Transit Development Company upon the lines of the Nassau Company, and two additional devices upon one of the other lines of the Brooklyn Rapid Transit system. The complaint then contains the usual averments and prayers, including injunction and destruction of the devices.

Issue was joined by an answer denying the validity of the patent and generally denying information as to the various allegations of the complaint. The defendants denied also any community of purpose or act in any of the matters charged to be infringement. The defendants then admitted the maintenance and general result of the suit brought against the Transit Development Company and the Nassau Electric Railroad Company just referred to, and also set up the bringing of a second action, on or about July 11, 1911, against the same two defendants for such additional devices of the No. 14 type as had been installed or used since the judgment in the earlier action. The answer then alleges that (upon reference to a master in the second action, following a decree for injunction and accounting) not only had evidence been presented showing infringement by switches of the No. 14 type, but the plaintiff had attempted to claim and prove infringement by and damages for the installation and use of a changed form of switch known as the No. 15 type switch. This the plaintiff claimed was made up of non-patentable equivalents for the parts of the No. 14 switch, and sought to have the master include it as an infringement at the time of the accounting.

This the master refused to do, and application was made to the court therefor, which, in an opinion in (D. C.) 197 Fed. at page 566, upheld the action of the master. The intent of this decision was to compel the plaintiff to institute a new suit against such defendants as could properly be made parties, and to allow the trial of all issues which could be heard upon all testimony pertaining thereto which might be brought out upon the trial. The present action was thereupon begun, and an application for preliminary injunction was denied, as involving the same question which the court had refused to consider in the previous action, and as trial could be had substantially at once. Cheatham Electric Switching Device Co. v. Transit Development Co. (D. C.) 226 Fed. 495. Upon the trial the previous adjudica-

tion, of validity of the claim sued on, was recognized, and again upon consideration of the issues as urged by the new defendants the same result was reached with respect to claim 3 of patent No. 612,702. But the court then held that infringement of that claim was not shown by the type 15 switch. Opinion filed October 17, 1915.

The record of the case shows clearly that the witnesses for both parties treated the model presented in court, and known as the No. 14 type, as a mechanical embodiment of the plaintiff's structure. The defendants continued to object throughout the trial to any statement that the defendants were bound by the previous verdict or judgment as an adjudication against them, and to any use of this No. 14 device as a structure adjudicated to be an infringement of claim 3 of the first Cheatham patent. But no proof was offered and no contention apparently raised that if claim 3 of the first Cheatham patent were valid, and if the type 14 switch were the subject-matter of the action, there would be any reason for the court's directing a different judgment than that which had been the result of the first trial before the jury, and of the second action involving the No. 14 switch. The court therefore overruled the objections of the defendants and went ahead with the action, rendering its opinion to the effect that the defendants were not infringing by the use of the so-called No. 15 switch, but upholding the validity of the patent. Judgment was entered accordingly by the decree which has been vacated.

The plaintiff now contends that he is entitled upon the pleadings and upon the proof to a judgment in his favor against all the present defendants for the use of the No. 14 switch, within the period of six years, and that the action should be dismissed only in so far as it is based upon alleged infringement by the No. 15 switch. The plaintiff claims further that upon such a decree the matter should be sent to the master to take evidence as to the use by these present defendants of the No. 14 switch. An examination of the record shows that the No. 14 switches referred to had all been removed from the defendants' system prior to the time of the trial. They are the same as the switches for which the Transit Development Company has been held responsible in the preceding suit.

There appears to be no reason why the plaintiff should be given a judgment against two sets of defendants with respect to the use of the No. 14 devices, although as was said in the opinion in this case the various defendants are so united in interest that they might be held to have common knowledge of litigation affecting one of them. Nevertheless they are different in identity and may have different legal responsibilities. The issue of validity and infringement should not be disposed of against these new parties unless equitable relief is proper and a case is made out against them.

The defendants opposed the proposition that these defendants are *bound* by the adjudication against the Transit Development Company and the Nassau Company, but they also complicated their position by strenuously objecting to any evidence upon this trial as to the identity of use by the Transit Development Company and by different defendants in the present action, while at the same time insisting that

the judgment recovered in the previous action is a bar to an additional judgment in the present case.

Nevertheless the court cannot see that this affects the situation. If the plaintiff has a cause of action for damages against the present defendants, for their previous use of the No. 14 switch, and if his rights cannot be entirely protected by the judgment recovered in the suit against the Transit Development Company, he has an adequate remedy at law therefor, and cannot now turn the decision in favor of the defendants, upon the issue of infringement with respect to the No. 15 switch, into a judgment in equity with an accounting for damages based upon the acts of infringement for which no relief is shown to be necessary in equity, and for which apparently he has already a judgment that is adequate and in which judgment responsible parties are also bound by injunction to secure the same results.

The motion of the plaintiff for a decree in his favor is denied, and the decree as previously entered for the defendants may be settled upon notice.